# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LOANDEPOT.COM, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MOVEMENT MORTGAGE, LLC, ) <br> ) <br> Defendant. ) <br> ) | Case No. 23-cv-00681-MN |

## DEFENDANT'S ANSWERING BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO STAY DISCOVERY AS TO ITS COUNTERCLAIM

OF COUNSEL

Ari Karen
Katharine Thomas Batista
MITCHELL SANDLER LLC
1120 20th Street NW, Suite 725
Washington, D.C. 20036
Telephone: (202) 886-5260
akaren@mitchellsandler.com
kbatista@mitchellsandler.com

Dated: October 3, 2023

CONNOLLY GALLAGHER LLP
Lauren P. DeLuca (Del. Bar No. 6024)
1201 N. Market St., 20th Floor
Wilmington, DE 19801
Telephone: (302) 757-7300
ldeluca@connollygallagher.com

*Attorneys for Defendant*
*Movement Mortgage, LLC*

# TABLE OF CONTENTS

|  | Page |
|---|---|
| INTRODUCTION AND BACKGROUND | 1 |
|     I.    PROCEDURAL HISTORY | 1 |
|     II.   FACTUAL BACKGROUND | 2 |
| ARGUMENT | 3 |
| CONCLUSION | 7 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*19th St. Baptist Church v. St. Peters Episcopal Church*,
   190 F.R.D. 345 (E.D. Pa. 2000) ................................................................................4

*Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*,
   2021 WL 616992 (D. Del. Feb. 17, 2021) ..................................................................4

*Enzo Life Scis., Inc. v. Digene Corp.*,
   2003 WL 21402512 (D. Del. June 10, 2003) .............................................................7

*Toll Bros. v. Twp. Of Readington*,
   555 F.3d 131 (3d Cir. 2009) .......................................................................................6

**Other Authorities**

Federal Rule of Civil Procedure 30(b)(6) ...........................................................................1

Federal Rule of Civil Procedure 26(f) ..........................................................................2, 3

# INTRODUCTION AND BACKGROUND

Defendant Movement Mortgage, LLC ("Movement"), hereby submits its Answering Brief in Opposition to Plaintiff loanDepot.com, LLC's ("loanDepot") Motion to Stay Discovery on Movement's Counterclaim. For the reasons set forth below, loanDepot's Motion should be denied.

## I. PROCEDURAL HISTORY

On June 22, 2023, Plaintiff filed its Complaint in this matter asserting the following claims against Defendant: (1) violation of the Defend Trade Secrets Act, 18 U.S.C.§§ 1836, et seq.; (2) unfair competition; (3) unjust enrichment; (4) tortious interference with contract; (5) intentional interference with prospective contractual relations; (6) aiding and abetting breach of fiduciary duties; (7) violation of South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-10, *et seq*. (D.I. 1). On July 31, 2023, Defendant filed its Answer and Counterclaim, alleging one count of tortious interference with prospective business relations. (D.I. 5, hereinafter cited as "Counterclaim").

On August 11, 2023, Defendant sent a notice of deposition under Federal Rule of Civil Procedure 30(b)(6) to Plaintiff. On August 16, 2023, Defense counsel communicated with Plaintiff's counsel recognizing that its deposition notice was premature, as discovery had not yet commenced, but requesting availability to schedule a Rule 26(f) conference so that it could. In response, on August 18, 2023, Plaintiff's counsel advised that Plaintiff intended to file a motion to dismiss Defendant's counterclaim and declined, initially, to participate in a Rule 26(f) conference. Plaintiff asserted that no discovery should occur until after the Court rules on Plaintiff's motion to dismiss Defendant's counterclaim. On August 21, 2023, Defense counsel, in an attempt to avoid motion practice, requested that Plaintiff reconsider as the Parties are required

to participate in a Rule 26(f) conference. On August 24, 2023, counsel for both Parties, including local Delaware counsel, had telephone conference to discuss solutions.

Ultimately, the Parties agreed to a Rule 26(f) conference and to commence discovery on loanDepot's claims. However, loanDepot maintained its position that discovery should not begin on Movement's Counterclaims. On August 28, 2023, loanDepot filed a Motion to Dismiss or Stay Movement's Counterclaim. On September 19, 2023, the Parties had another "meet and confer" to resolve this issue of discovery on Movement's Counterclaim, but were unable to agree, resulting in loanDepot's filing of its Motion to Stay Discovery on Movement's Counterclaim.

## II. FACTUAL BACKGROUND

Movement's Counterclaim alleges that over a period of approximately one year, loanDepot has targeted Movement and its employees through baseless and frivolous legal proceedings for the sole purpose of interfering with Movement's business. (*See, e.g.* Counterclaim ¶¶ 8-10). The Counterclaim details loanDepot's targeted attack on Movement and its employees with little to no support for its claims, and/or little or no support for damages. (*Id.*) Movement has clearly alleged sufficient facts to support its claim of tortious interference with contractual relations and should be permitted discovery on the same.

Beginning in 2022, loanDepot launched a campaign of hindering Movement's business by filing an array of arbitration proceedings, which loanDepot knew had little to no merit, aimed at scaring prospective loan officers away from joining Movement, who had previously been seeking employment with Movement. (Counterclaim ¶ 8.) Specifically, in February 2022, loanDepot began arbitration proceedings against Movement employees Sean Johnson and Kevin Luchko. (Counterclaim ¶ 9.) These proceedings were not calculated to remedy any actual injury suffered by loanDepot, or to protect loanDepot's legitimate business interests. loanDepot argues that its

position in pursuing the arbitration against Mr. Luchko is somehow supported by the fact that it prevailed in obtaining a Temporary Restraining Order against him. The opposite is true. That loanDepot already obtained a TRO and received its confidential information back from Mr. Luchko supports that there is no continuing harm. Rather, that arbitration, and the others launched against Movement employees who came from loanDepot, are simply meant to harass the departed employees and set an example for other employees so they would not also join Movement. (Counterclaim ¶ 10.) This can be seen by the fact that the arbitrations have been dragging on for a year and a half and depositions have not even started. In the arbitrations, the Parties attempted settlement with no resolution. In fact, this week loanDepot has once again lodged new allegations that another former loanDepot employee who began work at Movement is somehow engaged in unlawful conduct.

Here, despite loanDepot initiating this lawsuit, it initially refused to even engage in a Rule 26(f) discovery conference, finally did so, and now files this Motion to thwart Movement's discovery on its Counterclaim. Clearly, loanDepot's strategy and intention with the instant Motion, is simply to stonewall and prolong arbitration to harass Movement and its former employees.

## **ARGUMENT**

The Court should not stay discovery as to Movement's Counterclaim because it is not in the interest of judicial efficiency and fairness, will allow loanDepot an unfair benefit in pursuing its claims against Movement without having to defend Movement's Counterclaim, and will disadvantage Movement in that it will have to significantly delay its discovery and then condense its discovery into a shorter time. Further, loanDepot's Motion to Dismiss is not likely to streamline issues for trial because it is not likely to succeed. Rather, loanDepot's motion is based on a misguided theory that somehow tortious interference and abuse of process claims are one in the

same, when they are clearly different claims with different elements of proof. Therefore, loanDepot's Motion to Stay Discovery should be denied.

A stay of discovery is only proper where the "likelihood that such motion [to dismiss] may result in a narrowing or an outright elimination of discovery outweighs the likely harm to be produced by the delay. . . In other words, the court should carefully balance the relative benefit and harm that would ensue to each party from the grant or denial of a stay." *19th St. Baptist Church v. St. Peters Episcopal Church*, 190 F.R.D. 345, 349 (E.D. Pa. 2000) (denying motion to stay even where motion to dismiss would have narrowed or completely eliminated discovery due to prejudice likely caused by delay in discovery).

Courts typically cite three factors that should guide the exercise of a court's discretion when deciding whether a stay is appropriate: 1) whether the granting of a stay would cause the non-moving party to suffer undue prejudice from any delay or allow the moving party to gain a clear tactical advantage over the non-moving party; 2) whether a stay will simplify the issues for trial; and 3) whether discovery is complete and a trial date set. *See Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, 2021 WL 616992, at *2 (D. Del. Feb. 17, 2021) (citing *Ethicon LLC v. Intuitive Surgical, Inc.*, 2019 WL 1276029, at *1 (D. Del. Mar. 20, 2019)). Here, all three considerations support that a stay of discovery should be denied.

First, allowing loanDepot to pursue discovery on its claims against Movement, while requiring Movement to wait to seek evidence on its Counterclaim will clearly give loanDepot a tactical advantage. Unless the Parties agree to a tiered schedule on discovery, Movement may lose a significant amount of time to pursue its own discovery as it awaits the Court's decision on Plaintiff's Motion to Dismiss. Further, even if the Parties agreed to a tiered discovery schedule, whereby Movement is provided as much time as loanDepot to complete its discovery, such will

only unnecessarily complicate the case. In addition, loanDepot will begin to seek discovery on its claims and, thus, the Parties will be embroiled in discovery on loanDepot's claims once Movement is even able to serve its first discovery requests. This puts Movement at a disadvantage because its discovery is likely to be given less priority and otherwise buried.

Second, loanDepot's pending Motion to Dismiss is not likely to streamline the issues at trial as it does not present a strong argument for dismissal. As set forth in Movement's Opposition to loanDepot's Motion to Dismiss, Movement quite clearly sets forth a claim of tortious interference with prospective contractual relations. Movement has alleged a valid business relationship between Movement's recruiters and multiple loanDepot employees, many of whom formerly worked at Movement, which loanDepot was aware of as it specifically addressed it with its employees in an attempt to dissuade them from going to Movement, and such efforts resulted in employees not moving out of fear and Movement suffering damages. Because Movement has clearly sufficiently pled a tortious interference claim, loanDepot tries to distract this Court with the concept that Movement's tortious interference claim should be analyzed as an abuse of process claim. There is no authority or logical support for such an analysis. Rather, they are without doubt separate and distinct claims, and loanDepot lacks supporting case law for its argument. Accordingly, loanDepot is not likely to prevail in its argument that Movement has failed to plead a tortious interference claim and the Motion is not likely to eliminate or otherwise streamline any of the claims or issues in this matter.

Third, Movement's Counterclaim does not present an issue of subject matter jurisdiction to the Court. Movement unequivocally has standing to bring a claim for tortious interference with prospective contractual relations where it is the party with the prospective contractual relationship. To establish standing, plaintiff must have suffered a "concrete," "particularized" injury-in-fact,

which must be "actual or imminent, not conjectural or hypothetical," the injury must be "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court," and the "plaintiff must establish that a favorable decision likely would redress the injury." *Toll Bros. v. Twp. Of Readington*, 555 F.3d 131, 137–38 (3d Cir. 2009).

Movement has directly suffered an injury through the lost prospective employees it would have otherwise gained if not for loanDepot's improper conduct, which was targeting Movement and former loanDepot employees who went to Movement through litigation to dissuade others from moving. Further, a favorable ruling by this Court would redress the economic loss Movement suffered and stop loanDepot from continuing its pattern of misconduct. This is not an issue where Movement was a potential third-party beneficiary to a prospective contract and so standing is questionable. Rather, Movement is the party who was expecting a contractual relationship with loanDepot's employees once they moved employment. Thus, standing is satisfied and there is no subject matter jurisdiction question. loanDepot attempts to twist Movement's claim into one of abuse of process and argue that only those individuals who have claims pending against them could bring an abuse of process claim. However, Movement does not have an abuse of process claim, and as set forth in detail in its Opposition to the Motion to Dismiss; thus, Movement does not have to satisfy standing for an abuse of process claim to bring a claim of tortious interference against loanDepot. Therefore, this Court does not even have to reach the issue of whether a subject matter jurisdiction question justifies a stay of discovery because there is not actually such a question presented here.

Finally, while it is true that this matter is still in its infancy, loanDepot seeks a stay for an indefinite period that may well encroach significantly onto the time that Movement has to pursue

its Counterclaim. The Parties have agreed on a deadline of March 15, 2024 for fact discovery to be completed, which is a little over five months away. Waiting to begin discovery on its Counterclaim would significantly prejudice Movement in light of the schedule that the parties have agreed to and submitted for the Court's approval. In addition, loanDepot will not be harmed by engaging in discovery on Movement's Counterclaim, as much of the evidence that Movement may use to support its defenses would overlap and/or relate to its Counterclaim. Allowing discovery to proceed at this time would promote the interests of judicial efficiency and fairness. *See, e.g.*, *Enzo Life Scis., Inc. v. Digene Corp.*, 2003 WL 21402512, at *5 (D. Del. June 10, 2003) (denying motion to stay discovery on counterclaims and weighing more heavily the "interest in efficiently moving on with the resolution of the Counterclaims" than the possibility that the counterclaims "might be mooted or simplified"). loanDepot appears concerned that it will be required to produce documents in this case that are also relevant to or have already been produced in the arbitrations. However, simply because documents are protected in arbitration does not mean that should those documents be relevant to other claims that are not subject to arbitration, they may not be produced. Simply because arbitration covers certain documents does not protect those documents outright should they become relevant in another lawsuit. Accordingly, this is not a factor that the Court should consider in its analysis.

## **CONCLUSION**

Based on the argument set forth above, Defendant respectfully requests that this Court deny Plaintiff's Motion to Stay Discovery on Movement's Counterclaim.

| OF COUNSEL | CONNOLLY GALLAGHER LLP |
|---|---|
| Ari Karen<br>Katharine Thomas Batista<br>MITCHELL SANDLER LLC<br>1120 20th Street NW, Suite 725<br>Washington, D.C. 20036<br>Telephone: (202) 886-5260<br>akaren@mitchellsandler.com<br>kbatista@mitchellsandler.com | */s/ Lauren P. DeLuca*<br>Lauren P. DeLuca (Del. Bar No. 6024)<br>1201 N. Market St., 20th Floor<br>Wilmington, DE 19801<br>Telephone: (302) 757-7300<br>ldeluca@connollygallagher.com<br><br>*Attorney for Defendant*<br>*Movement Mortgage, LLC* |

Dated:   October 3, 2023