# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| LOANDEPOT.COM, LLC, | : |
| Plaintiff, | : |
| v. | : Case No.: 1:23-cv-00681-MN |
| MOVEMENT MORTGAGE, LLC, | : |
| Defendant. | : |

## STIPULATED PROTECTIVE ORDER

Pursuant to the parties' joint request that the Court enter this Order, and their agreement that the following limitations and restrictions should apply to documents and information produced for inspection and copying during the course of this litigation (the "Action"), the Court hereby **ORDERS** that:

**1.** **Scope.** This Protective Order (hereinafter "Protective Order" or "Order") shall apply to all documents or other information produced in the course of discovery in this Action that the producing person or entity (the "Producing Entity") has designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" (either a "Confidentiality Designation" or collectively the "Confidentiality Designations") pursuant to this Order. "Confidential Information" means any and all (i) information in whatever form, including, but not limited to, oral, written, documentary, tangible, intangible, electronic, or digitized, now or hereafter in existence, that is confidential, proprietary, private, or sensitive and that qualifies for protection under standards developed under federal law; (ii) information that is copied, extracted, or derived from Confidential Information, as well as any and all copies, excerpts, summaries, or compilations thereof; and (iii) testimony, arguments, conversations, or presentations by any Party, non-party, or witness, or their counsel,

that includes Confidential Information. Confidential Information is unlimited in kind or form and includes, by way of example only and without limitation thereto, (a) private employee-identifying or personal information such as social security numbers, contact information, compensation information, or other personal employment records; (b) sensitive business information such as products, designs, specifications, tests, plans, studies, surveys, manufacturing and distribution plans, marketing, advertising, and sales plans, vendor and customer information, cost analyses, business strategies and initiatives, workflow initiatives and analyses, internal processes, staffing initiatives and information pertaining to organizational changes, organizational charts, compensation strategies, financial matters, costs, sources, prices, profits, research, development, analysis, and strategies; and (c) third-party consumer, applicant, or borrower information, which includes, but is not limited to, "nonpublic personal information" as defined by the Gramm-Leach-Bliley Act ("GLBA"), 15 U.S.C. § 6809(4)(A).

2. **Purpose.** The purpose of this Protective Order is to protect against the unnecessary disclosure of Confidential Information.

3. **Disclosure Defined.** As used herein, "disclosure" or "to disclose" means to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise communicate Confidential Information, and the restrictions contained herein regarding disclosure of Confidential Information also apply with equal force to any copies, excerpts, analyses, or summaries of such materials or the information contained therein, as well as to any pleadings, briefs, exhibits, transcripts or other documents which may be prepared in connection with this litigation which contain or refer to the Confidential Information or information contained therein.

**4. Designating Material**

a. **Designating Material As Confidential:** Any party, or any third party subpoenaed by one of the parties, may designate as Confidential and subject to this Protective Order any documents, testimony, written responses, or other materials produced in this case if they contain information that the Producing Entity asserts in good faith is protected from disclosure by statute or common law, including, but not limited to, confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. Information that is publicly available may not be designated as Confidential. The designation of materials as Confidential pursuant to the terms of this Protective Order does not mean that the document or other material has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

b. **Designating Material As Attorneys' Eyes Only.** Any party, or any third party subpoenaed by one of the parties, may designate as Attorneys' Eyes Only and subject to this Protective Order any materials or information that meet the test set forth in Paragraph 4.a, but as to which the Producing Entity reasonably believes in good faith that the information is so competitively sensitive that the receipt of the information by parties to the litigation could result in competitive harm to the Producing Entity. For avoidance of doubt, all documents, information, or items designated as Attorneys' Eyes Only are also considered to be designated as Confidential Information.

**5. Form and Timing Of Designation.**

a. **Documents And Written Materials.** The Producing Entity shall designate any document or other written materials as confidential pursuant to this Order by marking

3

each page of the material with a stamp setting forth the Confidentiality Designation, if practical to do so. The person or entity designating the material shall place the stamp, to the extent possible, in such a manner that it will not interfere with the legibility of the document. Materials shall be so-designated prior to, or at the time of, their production or disclosure. However, the unintentional failure to so-designate at the time of production shall not be deemed a waiver in whole or in part of the person or entity designating the material's claim of protection either as to the specific information disclosed therein or as to the subject matter, provided that the designating party informs the party to whom the materials are produced (the "Receiving Party") of its mistake and designation within a reasonable time after discovering the error. A Receiving Party may also designate as Confidential Information items that are produced to or received by that Receiving Party (including from any third parties who provide information in response to a Subpoena issued in the Action), by indicating with specificity in a letter to all Parties what portion or portions of any document, information, or other items produced to or received by that Receiving Party are being designated as Confidential Information or Attorneys' Eyes Only. By doing so, this Receiving Party becomes a "Producing Party" of Confidential Information, as defined under this Protective Order, and any Party who receives notice of such designation becomes at the time of such notice a "Receiving Party" of Confidential Information with obligations as defined under this Protective Order.

  b. **Electronically Stored Information ("ESI"):** If a production response includes ESI, the Producing Entity shall make an effort to include within the electronic files themselves the Confidentiality Designation to the extent practicable. If that is not practicable, then the Producing Entity shall designate in a transmittal letter or email to the

Receiving Party using a reasonable identifier (e.g., the Bates Number range) any portions of the ESI that should be treated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," and any portions of the ESI that should be treated as "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER."

      c.      **Deposition Testimony.** Deposition testimony will be deemed Confidential only if designated as such when the deposition is taken or within 30 days after receipt of the deposition transcript. Such designation must indicate which Confidentiality Designation applies, and must be specific as to the portions of the transcript and/or any exhibits to which that Confidentiality Designation applies, except that any exhibit that was marked with a Confidentiality Designation at the time of production, and which still bears that mark at the time of its use in a deposition, shall be presumed to fall within the provisions of this Order without further designation.

**6.**      **Limitation Of Use.**

      a.      **General Protections.** All information that has received a Confidentiality Designation, including all information derived therefrom, shall be used by any Receiving Party solely for purposes of prosecuting or defending this Action. A Receiving Party shall not use or disclose the Confidential Information for any other purpose, including but not limited to any business, commercial, or competitive purpose, or for a purpose associated with a separate legal dispute (including, but not limited to, a separate arbitration or lawsuit involving these parties or any of their present or former officers, employees, attorneys and agents). Except as set forth in this Order, a Receiving Party shall not disclose Confidential Information to any third party. This Order shall not prevent the Producing Entity from using or disclosing information it has designated as Confidential Information, and that

5

belongs to the Producing Entity, for any purpose that the Producing Entity deems appropriate, except that the Producing Entity's voluntary disclosure of Confidential Information outside the scope of this Action may impact the protection that this Order would otherwise provide with regard to such information, once disclosed.

**b. Persons To Whom Information Marked "Confidential" May Be Disclosed.** Use of any information, documents, or portions of documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," including all information derived therefrom, shall be restricted solely to the following persons who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

1. outside counsel of record for the parties, and the administrative staff of outside counsel's firms;

2. in-house counsel for the parties, and the administrative staff for each in-house counsel;

3. any party to this action who is an individual;

4. as to any party to this action who is not an individual, every employee, director, officer, or manager of that party, but only to the extent necessary to further the interest of the parties in this litigation;

5. independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation, and only after such persons have completed the certification attached hereto as Attachment A, Acknowledgment of Understanding and Agreement to be Bound;

6. the Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action;

7. the authors and the original recipients of the documents;

66288/0001-46312895

8. any court reporter or videographer reporting a deposition;

9. employees of copy services, microfilming or database services, trial support firms, and/or translators who are engaged by the parties during the litigation of this action;

10. non-parties properly subpoenaed or otherwise participating as a third-party witness in this Action, including such non-party's counsel or designated representative, but only if such non-party, non-party counsel, or non-party representative has read this Stipulated Protective Order and only after such persons have completed the certification attached hereto as Attachment A, Acknowledgment of Understanding and Agreement to be Bound

11. any witness at a deposition, hearing, or arbitration in this Action who is known to have created or to have previously had access to such Confidential Information;

12. any mediator or neutral jointly-retained by the parties, including any discovery referee, for purposes of settlement in this Action; or

13. any other person agreed to in writing by the parties.

Prior to being shown any documents produced by another party marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," any person listed under paragraph 6.b.3., 6.b.4., or 6.b.11. shall be advised that the Confidential Information is being disclosed pursuant to and subject to the terms of this Protective Order.

    **c.** **Persons To Whom Information Marked "Attorneys' Eyes Only" May Be Disclosed.** Use of any information, documents, or portions of documents marked "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER," including all information derived therefrom, shall be restricted solely to the following persons who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

1. outside counsel of record for the parties, and the administrative staff of outside counsel's firms;

2. Meredith Grant and Martha Bonilla for loanDepot and Scott Green and Jamie Filben for Movement Mortgage;

7

3. independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation, and only after such persons have completed the certification attached hereto as Attachment A, Acknowledgment of Understanding and Agreement to be Bound;

4. the Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action;

5. any court reporter or videographer reporting a deposition;

6. employees of copy services, microfilming or database services, trial support firms, and/or translators who are engaged by the parties during the litigation of this action; or

7. any other person agreed to in writing by the parties.

Prior to being shown any documents produced by another party marked "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER," any person listed under paragraph 6(c)(5) and (7) shall be advised that the Confidential Information is being disclosed pursuant to and subject to the terms of this Protective Order.

  **7. Inadvertent Production.** Inadvertent production of any document or information without a Confidentiality Designation or any privileged document or information shall be governed by Fed. R. Evid. 502. Pursuant to subsections (d) and (e) of that Rule, the parties agree to, and the Court orders, protection of Protected Information against claims of waiver (including as against third parties and in other Federal and State proceedings) in the event such information is produced during the course of the Litigation, whether pursuant to a Court order, a parties' discovery request, or informal production, as follows:

  a. the production of documents or electronically stored information ("ESI") (including, without limitation, metadata) subject to a legally recognized claim of privilege or other protection from production or other disclosure (collectively, "Protected Information"), including without limitation the attorney-client privilege

8

and work-product doctrine, shall in no way constitute the voluntary disclosure of such Protected Information;

b. the production of Protected Information shall not result in the waiver of any privilege or protection associated with such Protected Information as to the Receiving Party, or any third parties, and shall not result in any waiver of protection, including subject matter waiver, of any kind;

c. if any document or ESI (including, without limitation, metadata) received by a party is on its face clearly subject to a legally recognizable privilege, immunity, or other right not to produce such information, the Receiving Party will promptly notify the Producing Entity in writing that it has discovered Protected Information, identify the Protected Information by Bates Number range, and return or sequester such Protected Information until the Producing Entity confirms whether it does indeed assert any privilege protecting this information. Once the Producing Entity asserts privilege over such Protected Information (as described in Subparagraph (e) below), the Receiving Party will return, sequester, or destroy all copies of such Protected Information, along with any notes, abstracts or compilations of the content thereof, within ten (10) business days of notice from the Producing Entity;

d. upon the request of the Producing Entity, the Receiving Party will promptly disclose the names of any individuals who have read or have had access to the Protected Information;

e. if the Producing Entity intends to assert a claim of privilege or other protection over Protected Information identified by the Receiving Party, the Producing Entity will, within ten (10) business days of receiving the Receiving Party's written notification, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Information that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege, immunity or basis for non-disclosure, and in the event, if any portion of the Protected Information does not contain privileged or protected information, the Producing Entity shall also provide to the Receiving Party a redacted copy of the Protected Information that omits the information that the Producing Entity believes is subject to a claim of privilege, immunity or other protection;

f. if, during the course of the litigation, a party determines it has produced Protected Information, the Producing Entity may notify the Receiving Party of such production in writing. The Producing Entity's written notice must identify the Protected Information by Bates Number range, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the receiving party with a log for such Protected Information that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege, immunity or basis for non-disclosure, and in the event any portion of the Protected Information does not contain privileged or protected information, the Producing Entity shall also provide to the receiving party a redacted copy of the

9

        Protected Information that omits the information that the Producing Entity believes is subject to a claim of privilege, immunity or other protection. The Producing Entity must also demand the return of the Protected Information. After receiving such written notification, the Receiving Party must, within ten (10) business days of receiving the written notification, return, sequester, or destroy the specified Protected Information and any copies, along with any notes, abstracts or compilations of the content thereof;

    g.    a Receiving Party's return, sequestration, or destruction of such Protected Information as provided in the Subparagraphs above will not act as a waiver of the Receiving Party's right to move for the production of the returned, sequestered, or destroyed Protected Information on grounds that the Protected Information is not in fact subject to a viable claim of privilege or other protection. However, the Receiving Party is prohibited and estopped from arguing that the Producing Entity's production of the Protected Information in this matter acts as a waiver of applicable privileges or protections, that the disclosure of the Protected Information by the Producing Entity was not inadvertent, that the Producing Entity did not take reasonable steps to prevent the disclosure of the Protected Information, or that the Producing Entity did not take reasonable steps to rectify such disclosure; and

    h.    nothing contained herein is intended to or shall limit a Producing Entity's right to conduct a review of documents or ESI (including, without limitation, metadata), for relevance, responsiveness, and/or the segregation of privileged and/or protected information before such information is produced to the Receiving Party;

    i.    prior to production to another party, all copies, electronic images, duplicates, extracts, summaries, or descriptions (collectively "copies") of documents marked with a Confidentiality Designation under this Order, or in any individual portion of such a document, shall be affixed with the same Confidentiality Designation if it does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases, or lists of documents provided these indices, electronic databases, or lists do not contain substantial portions or images of the text of Confidential documents or otherwise disclose the substance of the Confidential Information contained in those documents.

    **8.**    **Filing Materials Containing Information With A Confidentiality Designation.**

In the event a party seeks to file with the Court any document marked with a Confidentiality Designation pursuant to this Order, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, including: (a) filing a public redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely

for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal pursuant to the following procedure.

If the party seeking to file a document marked with a Confidentiality Designation is the same party that made said designation, that party shall file a notice of proposed sealed filing in place of each such document and must substantially contemporaneously file a motion for leave to file under seal in accordance with the Local Rules and any applicable procedures. Such motion shall set forth the substantive basis for sealing the proposed sealed document consistent with the standards set forth in *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662 (3d Cir. 2019).

If the party seeking to file a document marked with a Confidentiality Designation is not the party that designated the document as confidential, that party shall file a notice of proposed sealed filing in place of such document and must substantially contemporaneously file a motion to provisionally file such document under seal in accordance with the Local Rules and any applicable procedures. Within fourteen (14) days of the entry of an order provisionally authorizing the filing of such document under seal, the party that designated the subject material as confidential shall file a motion seeking to continue sealed status for the document and such motion shall set forth the basis for sealing the proposed sealed document consistent with the standards set forth in *In re Avandia*. In the event no motion is filed seeking to continue sealed status within fourteen (14) days after the entry of the order provisionally authorizing the filing of such document under seal, the party that filed the motion to provisionally seal shall, within seven (7) days thereafter, file unredacted copies of such documents publicly and link them to the original filing.

9.      **Attorneys Allowed To Provide Advice.** Nothing in this Order shall bar or otherwise restrict any attorney for any party from rendering advice to his or her client with respect to this case or from doing anything necessary to prosecute or defend this case and furthering the interests of his or her client, except for the disclosure of the Confidential Information as proscribed in this Order.

10.     **Excluding Others From Access.** Whenever information bearing a Confidentiality Designation pursuant to this Protective Order is to be discussed at a deposition, the person or entity that designated the information may exclude from the room any person, other than the deponent or witness and persons designated in Paragraph 6 of this Order, as appropriate, for that portion of the deposition.

11.     **No Voluntary Disclosure To Other Entities.** The parties or anyone acting on their behalf may not voluntarily disclose any Confidential Information to any state or federal law enforcement or regulatory agency, or any employee thereof, except in this litigation as set forth in Paragraph 6 of this Order or as otherwise commanded by law or provided in this Order. Nothing in this Order shall prevent a party from providing information in its possession in response to a valid order or subpoena from a law enforcement or regulatory agency requiring the production of such information, except that, prior to such production, the party producing the information shall provide as much advance notice as possible to the person or entity that designated the material as confidential to facilitate that party's efforts to preserve the confidentiality of the material, if warranted.

12.     **Disputes As To Designations.** Each party has the right to dispute the Confidentiality Designation asserted by any other party or subpoenaed person or entity in accordance with this Protective Order. If a party believes that any documents or materials have

been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the person or entity that designated the documents or materials. As part of that conferral, the designating person or entity must assess whether redaction is a viable alternative to complete non-disclosure. If any party challenges the Confidentiality Designation of any document or information, the burden to properly maintain the designation shall, at all times, remain with the person or entity that made the designation to show that said document or information should remain protected pursuant to Federal Civil Rule 26(c). In the event of disagreement, then the designating person or entity shall, within fourteen (14) days of such an objection, file a motion pursuant to Section 7(g) of the Court's Scheduling Order (D.I. 31). A party who disagrees with the designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

**13. Information Security Protections.** Any person in possession of Confidential Information received from another person or entity in connection with this Action shall maintain an information security program that includes reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Confidential Information, protect against any reasonably anticipated threats or hazards to the security of such Confidential Information, and protect against unauthorized access to or use of such Confidential Information.

If a Receiving Party discovers a breach of security, including any actual or suspected unauthorized access, to Confidential Information subject to this Order, they shall: (1) notify the person or entity who designated the materials under the terms of this Order of such breach; (2) investigate and take reasonable efforts to remediate the effects of the breach; and (3) provide sufficient information about the breach that the Producing Entity can reasonably ascertain the size and scope of the breach. The Receiving Party agrees to cooperate with the Producing Entity or law

13

enforcement in investigating any such security incident. In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

14. **All Trials Open To Public.** All trials, and certain pretrial proceedings and hearings, are open to the public (collectively a "Public Hearing" or "Public Hearings"). Absent further order of the Court, there will be no restrictions on any Party's ability to the use during a Public Hearing any document or information that has marked with a Confidentiality Designation or documents or information derived therefrom that would disclose such confidential information. However, if a party intends to present at a Public Hearing any document or information that has been so designated, the party intending to present such document or information shall provide advance notice to the person or entity that made the Confidentiality Designation at least fourteen (14) days before the Public Hearing by identifying the documents or information at issue as specifically as possible (i.e., by Bates Number, page range, deposition transcript line, etc.) without divulging the actual documents or information. Any person may then seek appropriate relief from the Court regarding restrictions on the use of such documents or information at trial, or sealing of the courtroom, if appropriate.

15. **Other Proceedings.** By entering into this order and limiting the disclosure of information in this litigation, the Court does not intend to preclude another court from finding the information may be relevant and subject to disclosure in another case. Any person or party subject to or who becomes the subject to a motion to disclose another party's information containing a Confidentiality Designation pursuant this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

**16.     No Waiver Of Right To Object.** This Order does not limit the right of any party to object to the scope of discovery in the above-captioned action.

**17.     No Determination Of Admissibility.** This Order does not constitute a determination of the admissibility or evidentiary foundation for the documents or a waiver of any party's objections thereto.

**18.     No Admissions.** Designation by either party of information or documents under the terms of this Order, or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents under this Order.

**19.     No Prior Judicial Determination.** This Order is based on the representations and agreements of the parties and is entered for the purpose of facilitating discovery in this action. Nothing in this Order shall be construed or presented as a judicial determination that any documents or information as to which counsel or the parties made a Confidentiality Designation is in fact subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**20.     Order Subject To Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

**21.     Gramm-Leach-Bliley Act Compliance.** By signing this Order, the Court confirms, if loanDepot.com, LLC produces "nonpublic personal information," as defined in 15 U.S.C. § 6809(4)(A) of the GLBA, of its actual, past or prospective borrowers, and if it makes

such production with a Confidentiality Designation and in response to a lawful discovery request, such production shall be pursuant to and in compliance with 12 C.F.R. § 332.15(a)(7)(i)-(iii), which permits a financial institution's production of "nonpublic personal information" without providing the notices required by the GLBA: (i) To comply with Federal, State, or local laws, rules and other applicable legal requirements; (ii) To comply with a properly authorized civil, criminal, or regulatory investigation, or subpoena or summons by Federal, State, or local authorities; or (iii) To respond to judicial process or government regulatory authorities having jurisdiction over you for examination, compliance, or other purposes as authorized by law.

22. **Parties May Consent To Disclosure.** Nothing shall prevent disclosure beyond the terms of this Order if all parties consent to such disclosure, or if the Court, after notice to all affected parties, permits such disclosure. Specifically, if and to the extent any party wishes to disclose any Confidential Information beyond the terms of this Order, that party shall provide all other parties with reasonable notice in writing of its request to so disclose the materials. If the parties cannot resolve their disagreement with respect to the disclosure of any Confidential Information, then a party may petition the Court for a determination of these issues. In addition, any interested member of the public may also challenge the designation of any material as confidential, pursuant to the terms of this paragraph.

23. **Return Of Materials Upon Termination Of Litigation.** Upon the written request and expense of the Producing Entity, within 60 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive Confidential Information shall return to the Producing Entity, or destroy, all information and documents subject to this Protective Order, unless the specific document or

information has been offered into evidence or filed without restriction as to disclosure. The party requesting the return of materials shall pay the reasonable costs of responding to its request. The party returning or destroying the documents or other information shall certify that it has not maintained any copies of confidential information, except as permitted by this Order.

If Confidential Information has been loaded into any litigation review database, the attorney for the party using such database shall have the responsibility of ensuring that all such Confidential Information (including all associated images and native files), are extracted from such databases (including any associated staging databases) and destroyed. "Destroyed" shall mean deletion of documents from all databases, applications and/or file systems in a manner such that they are not readily accessible without the use of specialized tools or techniques typically used by a forensic expert.

The parties, counsel of record for the parties, and experts or consultants for a party shall not be required to return or to destroy any Confidential Information to the extent such information is (i) stored on media that is generally considered not reasonably accessible, such as disaster recovery backup tapes, or (ii) only retrievable through the use of specialized tools or techniques typically used by a forensic expert; provided that to the extent any Confidential Information is not returned or destroyed due to the foregoing reasons, such Confidential Information shall remain subject to the confidentiality obligations of this Protective Order.

**24.    Counsel Allowed To Retain Copy Of Filings.** Nothing in this Protective Order shall prevent outside counsel for a party from maintaining in its files a copy of any filings in the Action, including any such filings that incorporate or attach Confidential Information. Moreover, an attorney may use his or her work product in subsequent litigation provided that such use does not disclose any Confidential Information.

AGREED TO**:**

| **COLE SCHOTZ P.C.** | **CONNOLLY GALLAGHER LLP** |
|---|---|
| */s/ Andrew L. Cole* | */s/ Lauren P. DeLuca* |
| Andrew L. Cole (Bar No. 5712) | Lauren P. DeLuca (Del. Bar No. 6024) |
| 500 Delaware Avenue, Suite 1410 | 1201 N. Market St., 20th Floor |
| Wilmington, Delaware 19801 | Wilmington, DE 19801 |
| (302) 652-3131 (Phone) | Telephone: (302) 757-7300 |
| (302) 652-3117 (Fax) | ldeluca@connollygallagher.com |
| acole@coleschotz.com | |
| | *Attorneys for Defendant* |
| *Attorneys for Plaintiff* | |

**SO ORDERED.**

Dated: _____

Hon. Maryellen Noreika, U.S.D.J

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LOANDEPOT.COM, LLC, | : |
| Plaintiff, | : |
| v. | : Case No.: 1:23-cv-00681-MN |
| MOVEMENT MORTGAGE, LLC, | : |
| Defendant. | : |

**FORM PROTECTIVE ORDER**
**ATTACHMENT A**

The undersigned hereby acknowledges that [he/she] has read the Protective Order dated [INSERT DATE OF OPERATIVE PROTECTIVE ORDER] in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Delaware in matters relating to the Protective Order and understands that the terms of the Protective Order obligate [him/her] to use documents designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYE ONLY – SUBJECT TO PROTECTIVE ORDER" in accordance with the Order, solely for the purpose of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm, or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

_____

Date: _____    _____
                              Signature