

500 Delaware Avenue, Suite 200
Wilmington, DE 19801
302-652-3131   302-652-3117  fax
—
New Jersey
—
New York
—
Maryland
—
Texas
—
Florida

Andrew L. Cole
Member
Admitted in DE, FL, MD and VA

Reply to Delaware Office
Writer's Direct Line: 302.651.2011
Writer's Direct Fax: 302-652-3117
Writer's E-Mail: acole@coleschotz.com

May 28, 2024

**Via CM/ECF Filing**

Honorable Christopher J. Burke
U.S. District Court for the District of Delaware
844 N. King Street
Unit 28, Room 2325
Wilmington, DE  19801

  Re: loanDepot.com, LLC v. Movement Mortgage, LLC
     C.A. No. 23-cv-00681-MN

Dear Judge Burke:

In accordance with the Court's May 21, 2024 Oral Order (ECF No. 67), Plaintiff loanDepot.com, LLC ("loanDepot") submits this letter outlining the issues in dispute and its position with respect to the last two bullet points listed in the May 14, 2024 letter.

**A. Motion to compel responses to third-party document subpoenas.**

On March 20, 2024, loanDepot filed Notice of Service of Third-Party Subpoenas pertaining to the service of subpoenas *duces tecum* on six individuals, all of whom are represented by Defendant Movement Mortgage's ("Movement") same counsel.  Those six individuals are: Michael Brennan, Jason Stenger, Alison Drensek, Hunter Skaggs, Spiro Kontostergios, and Patrick Turner.  Each of these individuals are current employees of Movement.

On April 3, the six third parties responded to the subpoenas *duces tecum* through Movement's counsel with essentially identical responses to the document requests and objections to the same.  *See* **Ex. 1**, Subpoena Responses.  Specifically, each third party objected to every single request with essentially the same objection and failed to produce any documents.  Nearly every objection argued the request at issue was "overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence" and, further, that the requested documents and/or communications "are readily obtainable through party discovery with Movement Mortgage."  *See generally id*.

These responses are not only entirely unresponsive but are particularly abusive because (1) they cite the outdated and inapplicable "reasonably calculated" language, and (2) loanDepot only issued these third-party subpoenas after *Movement* stated in a meet-and-confer telephone



conference with loanDepot's counsel that loanDepot would have to ask the individuals involved for the requested information. *See* **Ex. 2**, Excerpts of Movement RFP Responses. Moreover, in a subsequent meet and confer with Movement's and the third-parties' counsel, Movement's and the third-parties' counsel admitted that the objection that these requested documents and communications could be obtained through Movement was not appropriate. However, the third parties have never produced the requested documents, or even updated their responses.

Of greater frustration is that the objections as to relevance and proportionately are entirely disingenuous. loanDepot knows many of the requested documents and communications exist from related arbitrations. For example, loanDepot is aware that text messages between Mr. Brennan and one of the Persons of Interest (Sean Johnson) exist because Mr. Johnson produced his portion of them in a private arbitration between loanDepot and him. When it asked Movement for these communications in this matter, Movement replied that they "are not in the possession, custody or care of Movement." Therefore, loanDepot subpoenaed Mr. Brennan. In response, Mr. Brennan—through the very same attorneys—said the same communications "are readily obtainable through party discovery with Movement Mortgage."

Similarly, in the case of the subpoenas to Mr. Kontostergios and Mr. Saritsoglou (the latter described below), loanDepot knows from deposition testimony in a related arbitration that Mr. Saritsoglou and Mr. Kontostergios were in contact when Mr. Saritsoglou was still employed at loanDepot. Communications occurring between Movement executives and loanDepot employees during the key timeframe in question are plainly relevant. As for proportionately, it is not disproportionately expensive to image custodians' phones and email accounts. Therefore, there is simply no excuse for this run-around.

On April 24, loanDepot pointed to these deficiencies again, along with a variety of other discovery deficiencies, in a letter to Movement and the third-parties' counsel. *See* **Ex. 3**, April 24 Letter, attached. To date, Movement and the third-parties' counsel have not corrected the deficiencies in these subpoena responses.

On April 17, loanDepot filed a Notice of Service of Third-Party Subpoena for another current Movement employee, Bob Saritsoglou, that the subpoena had been served care of Movement's counsel. *See* ECF No. 55. The subpoena to Mr. Saritsoglou requested similar documents and communications to the six (6) prior subpoenas, with some variation.

On April 29, Mr. Saritsoglou responded to the subpoena *duces tecum* through Movement's counsel. *See* Ex. 1 at pp. 44-52. Mr. Saritsoglou failed to produce a single responsive document and again served the same general objections that his colleagues had made. The following day, on April 30, loanDepot's counsel emailed Movement's counsel regarding Mr. Saritsoglou's objections noting that loanDepot already knew from a separate arbitration against former loanDepot employees now working for Movement that relevant and responsive communications and documents existed. *See* **Ex. 4**, April 30 Email.

On May 6, loanDepot's counsel held a meet-and-confer call with Movement's counsel and, in a May 7 email advised Movement's counsel that it was willing to narrow the scope of the seven



(7) subpoenas.  *See* **Ex. 5**, May 7-8 Email Exchange.  Movement's counsel continued to generally object to the subpoenas as a "fishing expedition" and refused to engage in further negotiations.

loanDepot thus requests that the Court enter the Proposed Order attached as **Ex. 6**.

**B.     Motion regarding use of Chris Shelton deposition transcript.**

On March 11, 2024, loanDepot asked Movement if they would agree to use deposition transcripts from related arbitrations in this matter.  *See* **Ex. 7**, Mar. 11-21 Email Exchange.  While agreeing to use other transcripts, Movement, in relevant part, objected to the use of the deposition of former Movement executive (and therefore third party) Chris Shelton.  *Id*.  loanDepot raised this matter with Movement again during the May 6 meet and confer call.  However, Movement again refused to agree to the use of the Shelton transcript, without providing a specific explanation.

Movement's counsel, indeed the very same counsel representing Movement in this matter, were present and represented at the taking of Mr. Shelton's deposition in the related arbitration.  *See* F.R.C.P. 32(a)(1)(A).  Moreover, Mr. Shelton's deposition was taken in reference to the arbitration against Mr. Johnson referenced above for his departure from loanDepot to Movement with numerous loanDepot colleagues.  Therefore, it readily encompasses "the same subject matter between the same parties, or their representatives or successors in interest…."  *See* F.R.C.P. 32(a)(8).  And Movement has already agreed to use various other depositions taken in the *Johnson* arbitration and other, related arbitrations.  Movement does not and cannot articulate any principled reason not to treat Mr. Shelton's deposition the same way.

Finally, the entire point of using these depositions from prior proceedings is judicial economy.  *See* F.R.C.P. Rule 1 ("[t]hese rules … should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").  Certainly, re-taking depositions for identical reasons with identical questions simply because Movement did not like how it went the first time does not meet these goals.  Similarly, Federal Rule of Civil Procedure 26(b)(1) makes clear that parties are to limit discovery within their resources and whether the burden or expense of the discovery outweighs its likely benefit.  To be sure, the burden and expense of re-taking an entire deposition of the same person, on the same topics, with the same attorneys outweighs whatever benefit Movement perceives.

Accordingly, loanDepot requests that the Court enter the Proposed Order attached as **Ex. 6**.

Respectfully,

Andrew L. Cole (No. 5712)

ALC:mev
Enclosures
cc:     All Counsel of Record (w/encl. – Via CM/ECF Filing)

66288/0001-47789969