# **<u>EXHIBIT 1</u>**

**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LOANDEPOT.COM, LLC, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | )   Civil Action No. 1:23-cv-00681-MN |
| | ) |
| MOVEMENT MORTGAGE, LLC, | ) |
| | ) |
| *Defendant.* | ) |
| | ) |

<u>**RESPONSE TO LOANDEPOT'S SUBPOENA TO JASON STENGER**</u>

Jason Stenger ("Stenger"), a non-party to this action, hereby responds and objects to Plaintiff's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises as set forth below. The following responses are made solely for the purposes of this action. Each response is subject to all objections as to relevance, materiality, and admissibility, and to any and all objections on any ground that would require exclusion of any response if it were introduced in court. Further, no response or objections stated herein shall be deemed to waive or divulge any privilege on behalf of Movement Mortgage. Stenger expressly reserves the right to modify, revise, supplement, or amend these responses as deemed appropriate.

**REQUEST FOR PRODUCTION NO. 1:**

All text messages with or about individuals designated "Persons of Interest" sent or received via your personal cell phone for the time period of July 1, 2021 through the date of this subpoena.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Stenger objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it seeks "all text messages" with 49 different individuals for nearly a three-year period, regardless of the relevance to this lawsuit. Further, this request is not proportional to the needs of this case as it seeks

communications from Mr. Stenger's personal cell phone, in relation to the events pleaded in the Complaint where Mr. Stenger was operating in his capacity as Chief Operations Officer of Movement Mortgage. Thus, any relevant communications between Mr. Stenger and the "Persons of Interest" are readily obtainable through party discovery with Movement Mortgage.

**REQUEST FOR PRODUCTION NO. 2:**

All email communications with or about individuals designated Persons of Interest sent or received via your personal email addresses for the time period of July 1, 2021 through the date of this subpoena.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Stenger objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it seeks "all email communications" concerning 49 different individuals for nearly a three-year period, regardless of the relevance to this lawsuit. Further, this request is not proportional to the needs of this case as it seeks communications from Mr. Stenger's personal email addresses, in relation to the events pleaded in the Complaint where Mr. Stenger was operating in his capacity as Chief Operations Officer of Movement Mortgage. Thus, any relevant email communications involving Mr. Stenger about the "Persons of Interest" are readily obtainable through party discovery with Movement Mortgage.

**REQUEST FOR PRODUCTION NO. 3:**

All social-media communications with or about individuals designated Persons of Interest transmitted via your personal social-media accounts for the time period of July 1, 2021 through the date of this subpoena.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Stenger objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it seeks "all social-media communications" concerning 49 different individuals for nearly a three-year period, on any social media platform, regardless of the relevance to this lawsuit. Further, this request is not

proportional to the needs of this case as it seeks communications from Mr. Stenger in a personal capacity in relation to the events pleaded in the Complaint where Mr. Stenger was operating in his capacity as Chief Operations Officer of Movement Mortgage. Thus, any relevant communications involving Mr. Stenger about the "Persons of Interest" are readily obtainable through party discovery with Movement Mortgage.

**REQUEST FOR PRODUCTION NO. 4:**

Any other correspondence transmitted via your personal cell phone or email addresses, with or about individuals designated "Persons of Interest" for the time period of July 1, 2021 through the date of this subpoena.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Stenger objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it essentially seeks any and all correspondence with 49 different individuals for nearly a three-year period, regardless of the relevance to this lawsuit. Further, this request is not proportional to the needs of this case as it seeks communications from Mr. Stenger's personal cell phone and e-mail addresses, in relation to the events pleaded in the Complaint where Mr. Stenger was operating in his capacity as Chief Operations Officer of Movement Mortgage. Thus, any relevant communications between Mr. Stenger and the "Persons of Interest" are readily obtainable through party discovery with Movement Mortgage.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and communications concerning Movement's recruitment of the Persons of Interest, for the time period of July 1, 2021 through the date of this subpoena, including but not limited to emails, text messages, or any other correspondence, transmitted through your personal cell phone or email addresses or in your personal possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Stenger objects to this topic as overly broad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence or testimony in that it seeks any and all documents concerning the vague topic of "recruitment" of 49 different individuals for nearly a three-year period. Further, this request is not proportional to the needs of this case as it seeks communications from Mr. Stenger's personal cell phone and e-mail addresses, in relation to the events pleaded in the Complaint where Mr. Stenger was operating in his capacity as Chief Operations Officer of Movement Mortgage. Thus, any relevant documents or communications about recruitment of the Persons of Interest concerning Mr. Stenger are readily obtainable through party discovery with Movement Mortgage. Finally, this Request is also duplicative of Request Nos. 1-4.

**REQUEST FOR PRODUCTION NO. 6:**

All documents belonging to loanDepot, originating from loanDepot, or any other confidential records from loanDepot you received directly or indirectly from the Persons of Interest, through your personal cell phone, email address, or otherwise, or in your personal possession, custody or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Stenger objects to this topic as overly broad and unduly burdensome in that it seeks documents "belonging to loanDepot, originating from loanDepot, or other confidential records from loanDepot" that are received directly or indirectly from the Persons of Interest, which Stenger has no way of verifying and/or knowing. The Request also contains no time limitation and seeks potentially responsive documents for an indefinite period of time. Whether a document originated from loanDepot cannot be properly ascertained or determined by Stenger in identifying potentially responsive documents, to the extent that any exist. Further, this request is not proportional to the needs of this case as it seeks communications from Mr. Stenger's personal cell phone and e-mail addresses, in relation to the events pleaded in the Complaint where Mr. Stenger was operating in his capacity as Chief Operations Officer of Movement Mortgage. Thus, any such documents between Mr. Stenger and the "Persons of Interest" are readily obtainable through party discovery

with Movement Mortgage.

**REQUEST FOR PRODUCTION NO. 7:**

All documents reflecting the transfer of business from loanDepot to Movement by a Person of Interest, transmitted through your personal cell phone or email addresses or in your personal possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Stenger objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it seeks any and all documents concerning the vague topic of "transfer of business" related to 49 different individuals for an indefinite time period. Further, this request is not proportional to the needs of this case as it seeks communications from Mr. Stenger's personal cell phone and e-mail addresses, in relation to the events pleaded in the Complaint where Mr. Stenger was operating in his capacity as Chief Operations Officer of Movement Mortgage. Thus, any relevant documents or communications about recruitment of the Persons of Interest concerning Mr. Stenger are readily obtainable through party discovery with Movement Mortgage. Finally, this Request is also duplicative of Request Nos. 1-4.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and communications regarding recruiting trips and Persons of Interest, transmitted through your personal cell phone or email addresses or in your personal possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Stenger objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it seeks any and all documents concerning the vague topic of "transfer of business" related to 49 different individuals for an indefinite time period. Further, this request is not proportional to the needs of this case as it seeks communications from Mr. Stenger's personal cell phone and e-mail addresses, in relation to

the events pleaded in the Complaint where Mr. Stenger was operating in his capacity as Chief Operations Officer of Movement Mortgage. Thus, any relevant documents or communications about recruitment of the Persons of Interest concerning Mr. Stenger are readily obtainable through party discovery with Movement Mortgage. Finally, this Request is also duplicative of Request Nos. 1-4.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and communications related to your or Movement's efforts and actions related to recruiting any Persons of Interest to work at Movement, transmitted through your personal cell phone or email addresses or in your personal possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Stenger objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it seeks any and all documents concerning the vague topic of "recruiting" of 49 different individuals for an indefinite time period. Further, this request is not proportional to the needs of this case as it seeks communications from Mr. Stenger's personal cell phone and e-mail addresses, in relation to the events pleaded in the Complaint where Mr. Stenger was operating in his capacity as Chief Operations Officer of Movement Mortgage. Thus, any relevant documents or communications about recruitment of the Persons of Interest concerning Mr. Stenger are readily obtainable through party discovery with Movement Mortgage. Finally, this Request is also duplicative of Request Nos. 1-5.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and communications concerning the Persons of Interest's recruitment to, potential employment with, and negotiations regarding the same for the time period of July 1, 2021 through the date of this subpoena, including but not limited to emails, text messages, social-media communications, or any other correspondence regarding production, sales volume, client/customer

relationships, geographic territory, and the inclusion or recruitment of additional loan officers, transmitted through your personal cell phone or email addresses or in your personal possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Stenger objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it seeks any and all documents concerning the vague topics of "recruitment to, potential employment with, and negotiations regarding the same" of 49 different individuals for nearly a three-year period. Further, this request is not proportional to the needs of this case as it seeks communications from Mr. Stenger's personal cell phone and e-mail addresses, in relation to the events pleaded in the Complaint where Mr. Stenger was operating in his capacity as Chief Operations Officer of Movement Mortgage. Thus, any relevant documents or communications about recruitment of the Persons of Interest concerning Mr. Stenger are readily obtainable through party discovery with Movement Mortgage. Finally, this Request is also duplicative of Request Nos. 1-5, and 9.


Dated:   April 3, 2024
         Washington, D.C.

                                        Respectfully submitted,

                                        By:   _/s/ Corinne Bahner_____
                                        MITCHELL SANDLER PLLC
                                        Ari Karen, Esq.
                                        Corinne Bahner, Esq.
                                        1120 20th Street NW, Suite 725
                                        Washington, DC 20036
                                        Telephone: (202) 886-5260
                                        Email: akaren@mitchellsandler.com
                                        cbahner@mitchellsandler.com

                                        *Attorneys for Non-Party*
                                        Jason Stenger

## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF DELAWARE

| | |
|---|---|
| LOANDEPOT.COM, LLC, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) |
| | ) |
| MOVEMENT MORTGAGE, LLC, | ) |
| | ) |
| *Defendant.* | ) |
| | ) |

Civil Action No. 1:23-cv-00681-MN

### RESPONSE TO LOANDEPOT'S SUBPOENA TO HUNTER SKAGGS

Hunter Skaggs ("Skaggs"), a non-party to this action, hereby responds and objects to Plaintiff's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises as set forth below. The following responses are made solely for the purposes of this action. Each response is subject to all objections as to relevance, materiality, and admissibility, and to any and all objections on any ground that would require exclusion of any response if it were introduced in court. Further, no response or objections stated herein shall be deemed to waive or divulge any privilege on behalf of Movement Mortgage. Skaggs expressly reserves the right to modify, revise, supplement, or amend these responses as deemed appropriate.

**REQUEST FOR PRODUCTION NO. 1:**

All text messages with or about individuals designated "Persons of Interest" sent or received via your personal cell phone for the time period of July 1, 2021 through the date of this subpoena.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Skaggs objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it seeks "all text messages" with 49 different individuals for nearly a three-year period, regardless of the relevance to this lawsuit. Further, this request is not proportional to the needs of this case as it seeks

communications from Mr. Skaggs's personal cell phone, in relation to the events pleaded in the Complaint where Mr. Skaggs was operating in his capacity as HR Solutions Analyst of Movement Mortgage. Thus, any relevant communications between Mr. Skaggs and the "Persons of Interest" are readily obtainable through party discovery with Movement Mortgage.

**REQUEST FOR PRODUCTION NO. 2:**

All email communications with or about individuals designated Persons of Interest sent or received via your personal email addresses for the time period of July 1, 2021 through the date of this subpoena.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Skaggs objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it seeks "all email communications" concerning 49 different individuals for nearly a three-year period, regardless of the relevance to this lawsuit. Further, this request is not proportional to the needs of this case as it seeks communications from Mr. Skaggs's personal email addresses, in relation to the events pleaded in the Complaint where Mr. Skaggs was operating in his capacity as HR Solutions Analyst of Movement Mortgage. Thus, any relevant email communications involving Mr. Skaggs about the "Persons of Interest" are readily obtainable through party discovery with Movement Mortgage.

**REQUEST FOR PRODUCTION NO. 3:**

All social-media communications with or about individuals designated Persons of Interest transmitted via your personal social-media accounts for the time period of July 1, 2021 through the date of this subpoena.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Skaggs objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it seeks "all social-media communications" concerning 49 different individuals for nearly a three-year period, on any social media platform, regardless of the relevance to this lawsuit. Further, this request is not proportional to the needs of this case as it seeks communications from Mr. Skaggs in a personal

capacity in relation to the events pleaded in the Complaint where Mr. Skaggs was operating in his capacity as HR Solutions Analyst of Movement Mortgage. Thus, any relevant communications involving Mr. Skaggs about the "Persons of Interest" are readily obtainable through party discovery with Movement Mortgage.

**REQUEST FOR PRODUCTION NO. 4:**

Any other correspondence transmitted via your personal cell phone or email addresses, with or about individuals designated "Persons of Interest" for the time period of July 1, 2021 through the date of this subpoena.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Skaggs objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it essentially seeks any and all correspondence with 49 different individuals for nearly a three-year period, regardless of the relevance to this lawsuit. Further, this request is not proportional to the needs of this case as it seeks communications from Mr. Skaggs's personal cell phone and e-mail addresses, in relation to the events pleaded in the Complaint where Mr. Skaggs was operating in his capacity as HR Solutions Analyst of Movement Mortgage. Thus, any relevant communications between Mr. Skaggs and the "Persons of Interest" are readily obtainable through party discovery with Movement Mortgage.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and communications concerning Movement's recruitment of the Persons of Interest, for the time period of July 1, 2021 through the date of this subpoena, including but not limited to emails, text messages, or any other correspondence, transmitted through your personal cell phone or email addresses or in your personal possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Skaggs objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it seeks any and all

documents concerning the vague topic of "recruitment" of 49 different individuals for nearly a three-year period. Further, this request is not proportional to the needs of this case as it seeks communications from Mr. Skaggs's personal cell phone and e-mail addresses, in relation to the events pleaded in the Complaint where Mr. Skaggs was operating in his capacity as HR Solutions Analyst of Movement Mortgage. Thus, any relevant documents or communications about recruitment of the Persons of Interest concerning Mr. Skaggs are readily obtainable through party discovery with Movement Mortgage. Finally, this Request is also duplicative of Request Nos. 1-4.

**REQUEST FOR PRODUCTION NO. 6:**

All documents belonging to loanDepot, originating from loanDepot, or any other confidential records from loanDepot you received directly or indirectly from the Persons of Interest, through your personal cell phone, email address, or otherwise, or in your personal possession, custody or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Skaggs objects to this topic as overly broad and unduly burdensome in that it seeks documents "belonging to loanDepot, originating from loanDepot, or other confidential records from loanDepot" that are received directly or indirectly from the Persons of Interest, which Skaggs has no way of verifying and/or knowing. The Request also contains no time limitation and seeks potentially responsive documents for an indefinite period of time. Whether a document originated from loanDepot cannot be properly ascertained or determined by Skaggs in identifying potentially responsive documents, to the extent that any exist. Further, this request is not proportional to the needs of this case as it seeks communications from Mr. Skaggs's personal cell phone and e-mail addresses, in relation to the events pleaded in the Complaint where Mr. Skaggs was operating in his capacity as HR Solutions Analyst of Movement Mortgage. Thus, any such documents between Mr. Skaggs and the "Persons of Interest" are readily obtainable through party discovery with Movement Mortgage.

**REQUEST FOR PRODUCTION NO. 7:**

All documents reflecting the transfer of business from loanDepot to Movement by a Person of Interest, transmitted through your personal cell phone or email addresses or in your personal possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Skaggs objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it seeks any and all documents concerning the vague topic of "transfer of business" related to 49 different individuals for an indefinite time period. Further, this request is not proportional to the needs of this case as it seeks communications from Mr. Skaggs's personal cell phone and e-mail addresses, in relation to the events pleaded in the Complaint where Mr. Skaggs was operating in his capacity as HR Solutions Analyst of Movement Mortgage. Thus, any relevant documents or communications about recruitment of the Persons of Interest concerning Mr. Skaggs are readily obtainable through party discovery with Movement Mortgage. Finally, this Request is also duplicative of Request Nos. 1-4.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and communications regarding recruiting trips and Persons of Interest, transmitted through your personal cell phone or email addresses or in your personal possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Skaggs objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it seeks any and all documents concerning the vague topic of "transfer of business" related to 49 different individuals for an indefinite time period. Further, this request is not proportional to the needs of this case as it seeks communications from Mr. Skaggs's personal cell phone and e-mail addresses, in relation to the events pleaded in the Complaint where Mr. Skaggs was operating in his capacity as HR

Solutions Analyst of Movement Mortgage. Thus, any relevant documents or communications about recruitment of the Persons of Interest concerning Mr. Skaggs are readily obtainable through party discovery with Movement Mortgage. Finally, this Request is also duplicative of Request Nos. 1-4.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and communications related to your or Movement's efforts and actions related to recruiting any Persons of Interest to work at Movement, transmitted through your personal cell phone or email addresses or in your personal possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Skaggs objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it seeks any and all documents concerning the vague topic of "recruiting" of 49 different individuals for an indefinite time period. Further, this request is not proportional to the needs of this case as it seeks communications from Mr. Skaggs's personal cell phone and e-mail addresses, in relation to the events pleaded in the Complaint where Mr. Skaggs was operating in his capacity as HR Solutions Analyst of Movement Mortgage. Thus, any relevant documents or communications about recruitment of the Persons of Interest concerning Mr. Skaggs are readily obtainable through party discovery with Movement Mortgage. Finally, this Request is also duplicative of Request Nos. 1-5.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and communications concerning the Persons of Interest's recruitment to, potential employment with, and negotiations regarding the same for the time period of July 1, 2021 through the date of this subpoena, including but not limited to emails, text messages, social-media communications, or any other correspondence regarding production, sales volume, client/customer relationships, geographic territory, and the inclusion or recruitment of additional loan officers,

transmitted through your personal cell phone or email addresses or in your personal possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Skaggs objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it seeks any and all documents concerning the vague topics of "recruitment to, potential employment with, and negotiations regarding the same" of 49 different individuals for nearly a three-year period. Further, this request is not proportional to the needs of this case as it seeks communications from Mr. Skaggs's personal cell phone and e-mail addresses, in relation to the events pleaded in the Complaint where Mr. Skaggs was operating in his capacity as HR Solutions Analyst of Movement Mortgage. Thus, any relevant documents or communications about recruitment of the Persons of Interest concerning Mr. Skaggs are readily obtainable through party discovery with Movement Mortgage. Finally, this Request is also duplicative of Request Nos. 1-5, and 9.


Dated:   April 3, 2024
         Washington, D.C.

                              Respectfully submitted,

                              By:   */s/ Corinne Bahner*
                              MITCHELL SANDLER PLLC
                              Ari Karen, Esq.
                              Corinne Bahner, Esq.
                              1120 20th Street NW, Suite 725
                              Washington, DC 20036
                              Telephone: (202) 886-5260
                              Email: akaren@mitchellsandler.com
                              cbahner@mitchellsandler.com

                              *Attorneys for Non-Party*
                              Hunter Skaggs

## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF DELAWARE

| | |
|---|---|
| LOANDEPOT.COM, LLC, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) Civil Action No. 1:23-cv-00681-MN |
| | ) |
| MOVEMENT MORTGAGE, LLC, | ) |
| | ) |
| *Defendant.* | ) |
| | ) |

### RESPONSE TO LOANDEPOT'S SUBPOENA TO ALISON DRENSEK

Alison Drensek ("Drensek"), a non-party to this action, hereby responds and objects to Plaintiff's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises as set forth below. The following responses are made solely for the purposes of this action. Each response is subject to all objections as to relevance, materiality, and admissibility, and to any and all objections on any ground that would require exclusion of any response if it were introduced in court. Further, no response or objections stated herein shall be deemed to waive or divulge any privilege on behalf of Movement Mortgage. Drensek expressly reserves the right to modify, revise, supplement, or amend these responses as deemed appropriate.

### REQUEST FOR PRODUCTION NO. 1:

All text messages with or about individuals designated "Persons of Interest" sent or received via your personal cell phone for the time period of July 1, 2021 through the date of this subpoena.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Drensek objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it seeks "all text messages" with 49 different individuals for nearly a three-year period, regardless of the relevance to this lawsuit. Further, this request is not proportional to the needs of this case as it seeks

communications from Ms. Drensek's personal cell phone, in relation to the events pleaded in the Complaint where Ms. Drensek was operating in her capacity as Director of Finance & Strategic Planning of Movement Mortgage. Thus, any relevant communications between Ms. Drensek and the "Persons of Interest" are readily obtainable through party discovery with Movement Mortgage.

**REQUEST FOR PRODUCTION NO. 2:**

All email communications with or about individuals designated Persons of Interest sent or received via your personal email addresses for the time period of July 1, 2021 through the date of this subpoena.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Drensek objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it seeks "all email communications" concerning 49 different individuals for nearly a three-year period, regardless of the relevance to this lawsuit. Further, this request is not proportional to the needs of this case as it seeks communications from Ms. Drensek's personal email addresses, in relation to the events pleaded in the Complaint where Ms. Drensek was operating in her capacity as Director of Finance & Strategic Planning of Movement Mortgage. Thus, any relevant email communications involving Ms. Drensek about the "Persons of Interest" are readily obtainable through party discovery with Movement Mortgage.

**REQUEST FOR PRODUCTION NO. 3:**

All social-media communications with or about individuals designated Persons of Interest transmitted via your personal social-media accounts for the time period of July 1, 2021 through the date of this subpoena.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Drensek objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it seeks "all social-media communications" concerning 49 different individuals for nearly a three-year period, on any social media platform, regardless of the relevance to this lawsuit. Further, this request is not

2

proportional to the needs of this case as it seeks communications from Ms. Drensek in a personal capacity in relation to the events pleaded in the Complaint where Ms. Drensek was operating in her capacity as Director of Finance & Strategic Planning of Movement Mortgage. Thus, any relevant communications involving Ms. Drensek about the "Persons of Interest" are readily obtainable through party discovery with Movement Mortgage.

**REQUEST FOR PRODUCTION NO. 4:**

Any other correspondence transmitted via your personal cell phone or email addresses, with or about individuals designated "Persons of Interest" for the time period of July 1, 2021 through the date of this subpoena.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Drensek objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it essentially seeks any and all correspondence with 49 different individuals for nearly a three-year period, regardless of the relevance to this lawsuit. Further, this request is not proportional to the needs of this case as it seeks communications from Ms. Drensek's personal cell phone and e-mail addresses, in relation to the events pleaded in the Complaint where Ms. Drensek was operating in her capacity as Director of Finance & Strategic Planning of Movement Mortgage. Thus, any relevant communications between Ms. Drensek and the "Persons of Interest" are readily obtainable through party discovery with Movement Mortgage.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and communications concerning Movement's recruitment of the Persons of Interest, for the time period of July 1, 2021 through the date of this subpoena, including but not limited to emails, text messages, or any other correspondence, transmitted through your personal cell phone or email addresses or in your personal possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Drensek objects to this topic as overly broad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence or testimony in that it seeks any and all documents concerning the vague topic of "recruitment" of 49 different individuals for nearly a three-year period. Further, this request is not proportional to the needs of this case as it seeks communications from Ms. Drensek's personal cell phone and e-mail addresses, in relation to the events pleaded in the Complaint where Ms. Drensek was operating in her capacity as Director of Finance & Strategic Planning of Movement Mortgage. Thus, any relevant documents or communications about recruitment of the Persons of Interest concerning Ms. Drensek are readily obtainable through party discovery with Movement Mortgage. Finally, this Request is also duplicative of Request Nos. 1-4.

**REQUEST FOR PRODUCTION NO. 6:**

All documents belonging to loanDepot, originating from loanDepot, or any other confidential records from loanDepot you received directly or indirectly from the Persons of Interest, through your personal cell phone, email address, or otherwise, or in your personal possession, custody or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Drensek objects to this topic as overly broad and unduly burdensome in that it seeks documents "belonging to loanDepot, originating from loanDepot, or other confidential records from loanDepot" that are received directly or indirectly from the Persons of Interest, which Drensek has no way of verifying and/or knowing. The Request also contains no time limitation and seeks potentially responsive documents for an indefinite period of time. Whether a document originated from loanDepot cannot be properly ascertained or determined by Drensek in identifying potentially responsive documents, to the extent that any exist. Further, this request is not proportional to the needs of this case as it seeks communications from Ms. Drensek's personal cell phone and e-mail addresses, in relation to the events pleaded in the Complaint where Ms. Drensek was operating in her capacity as Director of Finance & Strategic Planning of Movement Mortgage. Thus, any such documents between Ms. Drensek and the "Persons of Interest" are readily

obtainable through party discovery with Movement Mortgage.

**REQUEST FOR PRODUCTION NO. 7:**

All documents reflecting the transfer of business from loanDepot to Movement by a Person of Interest, transmitted through your personal cell phone or email addresses or in your personal possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Drensek objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it seeks any and all documents concerning the vague topic of "transfer of business" related to 49 different individuals for an indefinite time period. Further, this request is not proportional to the needs of this case as it seeks communications from Ms. Drensek's personal cell phone and e-mail addresses, in relation to the events pleaded in the Complaint where Ms. Drensek was operating in her capacity as Director of Finance & Strategic Planning of Movement Mortgage. Thus, any relevant documents or communications about recruitment of the Persons of Interest concerning Ms. Drensek are readily obtainable through party discovery with Movement Mortgage. Finally, this Request is also duplicative of Request Nos. 1-4.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and communications regarding recruiting trips and Persons of Interest, transmitted through your personal cell phone or email addresses or in your personal possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Drensek objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it seeks any and all documents concerning the vague topic of "transfer of business" related to 49 different individuals for an indefinite time period. Further, this request is not proportional to the needs of this case as it seeks communications from Ms. Drensek's personal cell phone and e-mail addresses, in relation

to the events pleaded in the Complaint where Ms. Drensek was operating in her capacity as Director of Finance & Strategic Planning of Movement Mortgage. Thus, any relevant documents or communications about recruitment of the Persons of Interest concerning Ms. Drensek are readily obtainable through party discovery with Movement Mortgage. Finally, this Request is also duplicative of Request Nos. 1-4.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and communications related to your or Movement's efforts and actions related to recruiting any Persons of Interest to work at Movement, transmitted through your personal cell phone or email addresses or in your personal possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Drensek objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it seeks any and all documents concerning the vague topic of "recruiting" of 49 different individuals for an indefinite time period. Further, this request is not proportional to the needs of this case as it seeks communications from Ms. Drensek's personal cell phone and e-mail addresses, in relation to the events pleaded in the Complaint where Ms. Drensek was operating in her capacity as Director of Finance & Strategic Planning of Movement Mortgage. Thus, any relevant documents or communications about recruitment of the Persons of Interest concerning Ms. Drensek are readily obtainable through party discovery with Movement Mortgage. Finally, this Request is also duplicative of Request Nos. 1-5.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and communications concerning the Persons of Interest's recruitment to, potential employment with, and negotiations regarding the same for the time period of July 1, 2021 through the date of this subpoena, including but not limited to emails, text messages, social-media communications, or any other correspondence regarding production, sales volume, client/customer

relationships, geographic territory, and the inclusion or recruitment of additional loan officers, transmitted through your personal cell phone or email addresses or in your personal possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Drensek objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it seeks any and all documents concerning the vague topics of "recruitment to, potential employment with, and negotiations regarding the same" of 49 different individuals for nearly a three-year period. Further, this request is not proportional to the needs of this case as it seeks communications from Ms. Drensek's personal cell phone and e-mail addresses, in relation to the events pleaded in the Complaint where Ms. Drensek was operating in her capacity as Director of Finance & Strategic Planning of Movement Mortgage. Thus, any relevant documents or communications about recruitment of the Persons of Interest concerning Ms. Drensek are readily obtainable through party discovery with Movement Mortgage. Finally, this Request is also duplicative of Request Nos. 1-5, and 9.

Dated:   April 3, 2024
         Washington, D.C.

                                        Respectfully submitted,

                                        By:   /s/ Corinne Bahner
                                        MITCHELL SANDLER PLLC
                                        Ari Karen, Esq.
                                        Corinne Bahner, Esq.
                                        1120 20th Street NW, Suite 725
                                        Washington, DC 20036
                                        Telephone: (202) 886-5260
                                        Email: akaren@mitchellsandler.com
                                        cbahner@mitchellsandler.com

                                        *Attorneys for Non-Party*
                                        Alison Drensek

**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LOANDEPOT.COM, LLC, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | )   Civil Action No. 1:23-cv-00681-MN |
| | ) |
| MOVEMENT MORTGAGE, LLC, | ) |
| | ) |
| *Defendant.* | ) |
| | ) |

<u>**RESPONSE TO LOANDEPOT'S SUBPOENA TO MICHAEL BRENNAN**</u>

Michael Brennan ("Brennan"), a non-party to this action, hereby responds and objects to Plaintiff's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises as set forth below. The following responses are made solely for the purposes of this action. Each response is subject to all objections as to relevance, materiality, and admissibility, and to any and all objections on any ground that would require exclusion of any response if it were introduced in court. Further, no response or objections stated herein shall be deemed to waive or divulge any privilege on behalf of Movement Mortgage. Brennan expressly reserves the right to modify, revise, supplement, or amend these responses as deemed appropriate.

**REQUEST FOR PRODUCTION NO. 1:**

All text messages with or about individuals designated "Persons of Interest" sent or received via your personal cell phone for the time period of July 1, 2021 through the date of this subpoena.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Brennan objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it seeks "all text messages" with 49 different individuals for nearly a three-year period, regardless of the relevance to this lawsuit. Further, this request is not proportional to the needs of this case as it seeks

communications from Mr. Brennan's personal cell phone, in relation to the events pleaded in the Complaint where Mr. Brennan was operating in his capacity as President of Movement Mortgage. Thus, any relevant communications between Mr. Brennan and the "Persons of Interest" are readily obtainable through party discovery with Movement Mortgage.

**REQUEST FOR PRODUCTION NO. 2:**

All email communications with or about individuals designated Persons of Interest sent or received via your personal email addresses for the time period of July 1, 2021 through the date of this subpoena.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Brennan objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it seeks "all email communications" concerning 49 different individuals for nearly a three-year period, regardless of the relevance to this lawsuit. Further, this request is not proportional to the needs of this case as it seeks communications from Mr. Brennan's personal email addresses, in relation to the events pleaded in the Complaint where Mr. Brennan was operating in his capacity as President of Movement Mortgage. Thus, any relevant email communications involving Mr. Brennan about the "Persons of Interest" are readily obtainable through party discovery with Movement Mortgage.

**REQUEST FOR PRODUCTION NO. 3:**

All social-media communications with or about individuals designated Persons of Interest transmitted via your personal social-media accounts for the time period of July 1, 2021 through the date of this subpoena.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Brennan objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it seeks "all social-media communications" concerning 49 different individuals for nearly a three-year period, on any social media platform, regardless of the relevance to this lawsuit. Further, this request is not proportional to the needs of this case as it seeks communications from Mr. Brennan in a personal

capacity in relation to the events pleaded in the Complaint where Mr. Brennan was operating in his capacity as President of Movement Mortgage. Thus, any relevant communications involving Mr. Brennan about the "Persons of Interest" are readily obtainable through party discovery with Movement Mortgage.

**REQUEST FOR PRODUCTION NO. 4:**

Any other correspondence transmitted via your personal cell phone or email addresses, with or about individuals designated "Persons of Interest" for the time period of July 1, 2021 through the date of this subpoena.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Brennan objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it essentially seeks any and all correspondence with 49 different individuals for nearly a three-year period, regardless of the relevance to this lawsuit. Further, this request is not proportional to the needs of this case as it seeks communications from Mr. Brennan's personal cell phone and e-mail addresses, in relation to the events pleaded in the Complaint where Mr. Brennan was operating in his capacity as President of Movement Mortgage. Thus, any relevant communications between Mr. Brennan and the "Persons of Interest" are readily obtainable through party discovery with Movement Mortgage.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and communications concerning Movement's recruitment of the Persons of Interest, for the time period of July 1, 2021 through the date of this subpoena, including but not limited to emails, text messages, or any other correspondence, transmitted through your personal cell phone or email addresses or in your personal possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Brennan objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it seeks any and all documents concerning the vague topic of "recruitment" of 49 different individuals for nearly a

three-year period. Further, this request is not proportional to the needs of this case as it seeks communications from Mr. Brennan's personal cell phone and e-mail addresses, in relation to the events pleaded in the Complaint where Mr. Brennan was operating in his capacity as President of Movement Mortgage. Thus, any relevant documents or communications about recruitment of the Persons of Interest concerning Mr. Brennan are readily obtainable through party discovery with Movement Mortgage. Finally, this Request is also duplicative of Request Nos. 1-4.

**REQUEST FOR PRODUCTION NO. 6:**

All documents belonging to loanDepot, originating from loanDepot, or any other confidential records from loanDepot you received directly or indirectly from the Persons of Interest, through your personal cell phone, email address, or otherwise, or in your personal possession, custody or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Brennan objects to this topic as overly broad and unduly burdensome in that it seeks documents "belonging to loanDepot, originating from loanDepot, or other confidential records from loanDepot" that are received directly or indirectly from the Persons of Interest, which Brennan has no way of verifying and/or knowing. The Request also contains no time limitation and seeks potentially responsive documents for an indefinite period of time. Whether a document originated from loanDepot cannot be properly ascertained or determined by Brennan in identifying potentially responsive documents, to the extent that any exist. Further, this request is not proportional to the needs of this case as it seeks communications from Mr. Brennan's personal cell phone and e-mail addresses, in relation to the events pleaded in the Complaint where Mr. Brennan was operating in his capacity as President of Movement Mortgage. Thus, any such documents between Mr. Brennan and the "Persons of Interest" are readily obtainable through party discovery with Movement Mortgage.

**REQUEST FOR PRODUCTION NO. 7:**

All documents reflecting the transfer of business from loanDepot to Movement by a Person

of Interest, transmitted through your personal cell phone or email addresses or in your personal possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Brennan objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it seeks any and all documents concerning the vague topic of "transfer of business" related to 49 different individuals for an indefinite time period. Further, this request is not proportional to the needs of this case as it seeks communications from Mr. Brennan's personal cell phone and e-mail addresses, in relation to the events pleaded in the Complaint where Mr. Brennan was operating in his capacity as President of Movement Mortgage. Thus, any relevant documents or communications about recruitment of the Persons of Interest concerning Mr. Brennan are readily obtainable through party discovery with Movement Mortgage. Finally, this Request is also duplicative of Request Nos. 1-4.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and communications regarding recruiting trips and Persons of Interest, transmitted through your personal cell phone or email addresses or in your personal possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Brennan objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it seeks any and all documents concerning the vague topic of "transfer of business" related to 49 different individuals for an indefinite time period. Further, this request is not proportional to the needs of this case as it seeks communications from Mr. Brennan's personal cell phone and e-mail addresses, in relation to the events pleaded in the Complaint where Mr. Brennan was operating in his capacity as President of Movement Mortgage. Thus, any relevant documents or communications about recruitment of the Persons of Interest concerning Mr. Brennan are readily obtainable through party

discovery with Movement Mortgage. Finally, this Request is also duplicative of Request Nos. 1-4.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and communications related to your or Movement's efforts and actions related to recruiting any Persons of Interest to work at Movement, transmitted through your personal cell phone or email addresses or in your personal possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Brennan objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it seeks any and all documents concerning the vague topic of "recruiting" of 49 different individuals for an indefinite time period. Further, this request is not proportional to the needs of this case as it seeks communications from Mr. Brennan's personal cell phone and e-mail addresses, in relation to the events pleaded in the Complaint where Mr. Brennan was operating in his capacity as President of Movement Mortgage. Thus, any relevant documents or communications about recruitment of the Persons of Interest concerning Mr. Brennan are readily obtainable through party discovery with Movement Mortgage. Finally, this Request is also duplicative of Request Nos. 1-5.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and communications concerning the Persons of Interest's recruitment to, potential employment with, and negotiations regarding the same for the time period of July 1, 2021 through the date of this subpoena, including but not limited to emails, text messages, social-media communications, or any other correspondence regarding production, sales volume, client/customer relationships, geographic territory, and the inclusion or recruitment of additional loan officers, transmitted through your personal cell phone or email addresses or in your personal possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Brennan objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it seeks any and all documents concerning the vague topics of "recruitment to, potential employment with, and negotiations regarding the same" of 49 different individuals for nearly a three-year period. Further, this request is not proportional to the needs of this case as it seeks communications from Mr. Brennan's personal cell phone and e-mail addresses, in relation to the events pleaded in the Complaint where Mr. Brennan was operating in his capacity as President of Movement Mortgage. Thus, any relevant documents or communications about recruitment of the Persons of Interest concerning Mr. Brennan are readily obtainable through party discovery with Movement Mortgage. Finally, this Request is also duplicative of Request Nos. 1-5, and 9.

Dated:    April 3, 2024
          Washington, D.C.

Respectfully submitted,

By:   _/s/ Corinne Bahner_____
MITCHELL SANDLER PLLC
Ari Karen, Esq.
Corinne Bahner, Esq.
1120 20th Street NW, Suite 725
Washington, DC 20036
Telephone: (202) 886-5260
Email: akaren@mitchellsandler.com
       cbahner@mitchellsandler.com

*Attorneys for Non-Party*
Michael Brennan

**UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LOANDEPOT.COM, LLC, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) Civil Action No. 1:23-cv-00681-MN |
| | ) |
| MOVEMENT MORTGAGE, LLC, | ) |
| | ) |
| *Defendant.* | ) |
| | ) |

### RESPONSE TO LOANDEPOT'S SUBPOENA TO PATRICK TURNER

Patrick Turner ("Turner"), a non-party to this action, hereby responds and objects to Plaintiff's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises as set forth below. The following responses are made solely for the purposes of this action. Each response is subject to all objections as to relevance, materiality, and admissibility, and to any and all objections on any ground that would require exclusion of any response if it were introduced in court. Further, no response or objections stated herein shall be deemed to waive or divulge any privilege on behalf of Movement Mortgage. Turner expressly reserves the right to modify, revise, supplement, or amend these responses as deemed appropriate.

### REQUEST FOR PRODUCTION NO. 1:

All text messages with or about individuals designated "Persons of Interest" sent or received via your personal cell phone for the time period of July 1, 2021 through the date of this subpoena.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Turner objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it seeks "all text messages" with 49 different individuals for nearly a three-year period, regardless of the relevance to this lawsuit. Further, this request is not proportional to the needs of this case as it seeks

communications from Mr. Turner's personal cell phone, in relation to the events pleaded in the Complaint where Mr. Turner was operating in his capacity as a Market Leader of Movement Mortgage. Thus, any relevant communications between Mr. Turner and the "Persons of Interest" are readily obtainable through party discovery with Movement Mortgage.

**REQUEST FOR PRODUCTION NO. 2:**

All email communications with or about individuals designated Persons of Interest sent or received via your personal email addresses for the time period of July 1, 2021 through the date of this subpoena.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Turner objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it seeks "all email communications" concerning 49 different individuals for nearly a three-year period, regardless of the relevance to this lawsuit. Further, this request is not proportional to the needs of this case as it seeks communications from Mr. Turner's personal email addresses, in relation to the events pleaded in the Complaint where Mr. Turner was operating in his capacity as a Market Leader of Movement Mortgage. Thus, any relevant email communications involving Mr. Turner about the "Persons of Interest" are readily obtainable through party discovery with Movement Mortgage.

**REQUEST FOR PRODUCTION NO. 3:**

All social-media communications with or about individuals designated Persons of Interest transmitted via your personal social-media accounts for the time period of July 1, 2021 through the date of this subpoena.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Turner objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it seeks "all social-media communications" concerning 49 different individuals for nearly a three-year period, on any social media platform, regardless of the relevance to this lawsuit. Further, this request is not proportional to the needs of this case as it seeks communications from Mr. Turner in a personal

capacity in relation to the events pleaded in the Complaint where Mr. Turner was operating in his capacity as A Market Leader of Movement Mortgage. Thus, any relevant communications involving Mr. Turner about the "Persons of Interest" are readily obtainable through party discovery with Movement Mortgage.

**REQUEST FOR PRODUCTION NO. 4:**

Any other correspondence transmitted via your personal cell phone or email addresses, with or about individuals designated "Persons of Interest" for the time period of July 1, 2021 through the date of this subpoena.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Turner objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it essentially seeks any and all correspondence with 49 different individuals for nearly a three-year period, regardless of the relevance to this lawsuit. Further, this request is not proportional to the needs of this case as it seeks communications from Mr. Turner's personal cell phone and e-mail addresses, in relation to the events pleaded in the Complaint where Mr. Turner was operating in his capacity as A Market Leader of Movement Mortgage. Thus, any relevant communications between Mr. Turner and the "Persons of Interest" are readily obtainable through party discovery with Movement Mortgage.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and communications concerning Movement's recruitment of the Persons of Interest, for the time period of July 1, 2021 through the date of this subpoena, including but not limited to emails, text messages, or any other correspondence, transmitted through your personal cell phone or email addresses or in your personal possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Turner objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it seeks any and all documents concerning the vague topic of "recruitment" of 49 different individuals for nearly a

three-year period. Further, this request is not proportional to the needs of this case as it seeks communications from Mr. Turner's personal cell phone and e-mail addresses, in relation to the events pleaded in the Complaint where Mr. Turner was operating in his capacity as a Market Leader of Movement Mortgage. Thus, any relevant documents or communications about recruitment of the Persons of Interest concerning Mr. Turner are readily obtainable through party discovery with Movement Mortgage. Finally, this Request is also duplicative of Request Nos. 1-4.

**REQUEST FOR PRODUCTION NO. 6:**

All documents belonging to loanDepot, originating from loanDepot, or any other confidential records from loanDepot you received directly or indirectly from the Persons of Interest, through your personal cell phone, email address, or otherwise, or in your personal possession, custody or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Turner objects to this topic as overly broad and unduly burdensome in that it seeks documents "belonging to loanDepot, originating from loanDepot, or other confidential records from loanDepot" that are received directly or indirectly from the Persons of Interest, which Turner has no way of verifying and/or knowing. The Request also contains no time limitation and seeks potentially responsive documents for an indefinite period of time. Whether a document originated from loanDepot cannot be properly ascertained or determined by Turner in identifying potentially responsive documents, to the extent that any exist. Further, this request is not proportional to the needs of this case as it seeks communications from Mr. Turner's personal cell phone and e-mail addresses, in relation to the events pleaded in the Complaint where Mr. Turner was operating in his capacity as a Market Leader of Movement Mortgage. Thus, any such documents between Mr. Turner and the "Persons of Interest" are readily obtainable through party discovery with Movement Mortgage.

**REQUEST FOR PRODUCTION NO. 7:**

All documents reflecting the transfer of business from loanDepot to Movement by a Person of Interest, transmitted through your personal cell phone or email addresses or in your personal possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Turner objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it seeks any and all documents concerning the vague topic of "transfer of business" related to 49 different individuals for an indefinite time period. Further, this request is not proportional to the needs of this case as it seeks communications from Mr. Turner's personal cell phone and e-mail addresses, in relation to the events pleaded in the Complaint where Mr. Turner was operating in his capacity as a Market Leader of Movement Mortgage. Thus, any relevant documents or communications about recruitment of the Persons of Interest concerning Mr. Turner are readily obtainable through party discovery with Movement Mortgage. Finally, this Request is also duplicative of Request Nos. 1-4.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and communications regarding recruiting trips and Persons of Interest, transmitted through your personal cell phone or email addresses or in your personal possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Turner objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it seeks any and all documents concerning the vague topic of "transfer of business" related to 49 different individuals for an indefinite time period. Further, this request is not proportional to the needs of this case as it seeks communications from Mr. Turner's personal cell phone and e-mail addresses, in relation to the events pleaded in the Complaint where Mr. Turner was operating in his capacity as a Market Leader of Movement Mortgage. Thus, any relevant documents or communications about

recruitment of the Persons of Interest concerning Mr. Turner are readily obtainable through party discovery with Movement Mortgage. Finally, this Request is also duplicative of Request Nos. 1-4.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and communications related to your or Movement's efforts and actions related to recruiting any Persons of Interest to work at Movement, transmitted through your personal cell phone or email addresses or in your personal possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Turner objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it seeks any and all documents concerning the vague topic of "recruiting" of 49 different individuals for an indefinite time period. Further, this request is not proportional to the needs of this case as it seeks communications from Mr. Turner's personal cell phone and e-mail addresses, in relation to the events pleaded in the Complaint where Mr. Turner was operating in his capacity as a Market Leader of Movement Mortgage. Thus, any relevant documents or communications about recruitment of the Persons of Interest concerning Mr. Turner are readily obtainable through party discovery with Movement Mortgage. Finally, this Request is also duplicative of Request Nos. 1-5.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and communications concerning the Persons of Interest's recruitment to, potential employment with, and negotiations regarding the same for the time period of July 1, 2021 through the date of this subpoena, including but not limited to emails, text messages, social-media communications, or any other correspondence regarding production, sales volume, client/customer relationships, geographic territory, and the inclusion or recruitment of additional loan officers,

transmitted through your personal cell phone or email addresses or in your personal possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Turner objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it seeks any and all documents concerning the vague topics of "recruitment to, potential employment with, and negotiations regarding the same" of 49 different individuals for nearly a three-year period. Further, this request is not proportional to the needs of this case as it seeks communications from Mr. Turner's personal cell phone and e-mail addresses, in relation to the events pleaded in the Complaint where Mr. Turner was operating in his capacity as a Market Leader of Movement Mortgage. Thus, any relevant documents or communications about recruitment of the Persons of Interest concerning Mr. Turner are readily obtainable through party discovery with Movement Mortgage. Finally, this Request is also duplicative of Request Nos. 1-5, and 9.

Dated:    April 3, 2024
          Washington, D.C.

                            Respectfully submitted,

                            By:   */s/ Corinne Bahner*
                            MITCHELL SANDLER PLLC
                            Ari Karen, Esq.
                            Corinne Bahner, Esq.
                            1120 20th Street NW, Suite 725
                            Washington, DC 20036
                            Telephone: (202) 886-5260
                            Email: akaren@mitchellsandler.com
                            cbahner@mitchellsandler.com

                            *Attorneys for Non-Party*
                            Patrick Turner

**UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LOANDEPOT.COM, LLC, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | )   Civil Action No. 1:23-cv-00681-MN |
| | ) |
| MOVEMENT MORTGAGE, LLC, | ) |
| | ) |
| *Defendant.* | ) |
| | ) |

## RESPONSE TO LOANDEPOT'S SUBPOENA TO SPIRO KONTOSTERGIOS

Spiro Kontostergios ("Kontostergios"), a non-party to this action, hereby responds and objects to Plaintiff's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises as set forth below. The following responses are made solely for the purposes of this action. Each response is subject to all objections as to relevance, materiality, and admissibility, and to any and all objections on any ground that would require exclusion of any response if it were introduced in court. Further, no response or objections stated herein shall be deemed to waive or divulge any privilege on behalf of Movement Mortgage. Kontostergios expressly reserves the right to modify, revise, supplement, or amend these responses as deemed appropriate.

## REQUEST FOR PRODUCTION NO. 1:

All text messages with or about individuals designated "Persons of Interest" sent or received via your personal cell phone for the time period of July 1, 2021 through the date of this subpoena.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Kontostergios objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it seeks "all text messages" with 49 different individuals for nearly a three-year period, regardless of the relevance

to this lawsuit. Further, this request is not proportional to the needs of this case as it seeks communications from Mr. Kontostergios's personal cell phone, in relation to the events pleaded in the Complaint where Mr. Kontostergios was operating in his capacity as Profit Market Leader of Movement Mortgage. Thus, any relevant communications between Mr. Kontostergios and the "Persons of Interest" are readily obtainable through party discovery with Movement Mortgage.

**REQUEST FOR PRODUCTION NO. 2:**

All email communications with or about individuals designated Persons of Interest sent or received via your personal email addresses for the time period of July 1, 2021 through the date of this subpoena.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Kontostergios objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it seeks "all email communications" concerning 49 different individuals for nearly a three-year period, regardless of the relevance to this lawsuit. Further, this request is not proportional to the needs of this case as it seeks communications from Mr. Kontostergios's personal email addresses, in relation to the events pleaded in the Complaint where Mr. Kontostergios was operating in his capacity as Profit Market Leader of Movement Mortgage. Thus, any relevant email communications involving Mr. Kontostergios about the "Persons of Interest" are readily obtainable through party discovery with Movement Mortgage.

**REQUEST FOR PRODUCTION NO. 3:**

All social-media communications with or about individuals designated Persons of Interest transmitted via your personal social-media accounts for the time period of July 1, 2021 through the date of this subpoena.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Kontostergios objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it seeks "all social-media communications" concerning 49 different individuals for nearly a three-year period, on any

social media platform, regardless of the relevance to this lawsuit. Further, this request is not proportional to the needs of this case as it seeks communications from Mr. Kontostergios in a personal capacity in relation to the events pleaded in the Complaint where Mr. Kontostergios was operating in his capacity as Profit Market Leader of Movement Mortgage. Thus, any relevant communications involving Mr. Kontostergios about the "Persons of Interest" are readily obtainable through party discovery with Movement Mortgage.

**REQUEST FOR PRODUCTION NO. 4:**

Any other correspondence transmitted via your personal cell phone or email addresses, with or about individuals designated "Persons of Interest" for the time period of July 1, 2021 through the date of this subpoena.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Kontostergios objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it essentially seeks any and all correspondence with 49 different individuals for nearly a three-year period, regardless of the relevance to this lawsuit. Further, this request is not proportional to the needs of this case as it seeks communications from Mr. Kontostergios's personal cell phone and e-mail addresses, in relation to the events pleaded in the Complaint where Mr. Kontostergios was operating in his capacity as Profit Market Leader of Movement Mortgage. Thus, any relevant communications between Mr. Kontostergios and the "Persons of Interest" are readily obtainable through party discovery with Movement Mortgage.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and communications concerning Movement's recruitment of the Persons of Interest, for the time period of July 1, 2021 through the date of this subpoena, including but not limited to emails, text messages, or any other correspondence, transmitted through your personal cell phone or email addresses or in your personal possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Kontostergios objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it seeks any and all documents concerning the vague topic of "recruitment" of 49 different individuals for nearly a three-year period. Further, this request is not proportional to the needs of this case as it seeks communications from Mr. Kontostergios's personal cell phone and e-mail addresses, in relation to the events pleaded in the Complaint where Mr. Kontostergios was operating in his capacity as Profit Market Leader of Movement Mortgage. Thus, any relevant documents or communications about recruitment of the Persons of Interest concerning Mr. Kontostergios are readily obtainable through party discovery with Movement Mortgage. Finally, this Request is also duplicative of Request Nos. 1-4.

**REQUEST FOR PRODUCTION NO. 6:**

All documents belonging to loanDepot, originating from loanDepot, or any other confidential records from loanDepot you received directly or indirectly from the Persons of Interest, through your personal cell phone, email address, or otherwise, or in your personal possession, custody or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Kontostergios objects to this topic as overly broad and unduly burdensome in that it seeks documents "belonging to loanDepot, originating from loanDepot, or other confidential records from loanDepot" that are received directly or indirectly from the Persons of Interest, which Kontostergios has no way of verifying and/or knowing. The Request also contains no time limitation and seeks potentially responsive documents for an indefinite period of time. Whether a document originated from loanDepot cannot be properly ascertained or determined by Kontostergios in identifying potentially responsive documents, to the extent that any exist. Further, this request is not proportional to the needs of this case as it seeks communications from Mr. Kontostergios's personal cell phone and e-mail addresses, in relation to the events pleaded in the Complaint where Mr. Kontostergios was operating in his capacity as Profit Market Leader of

Movement Mortgage. Thus, any such documents between Mr. Kontostergios and the "Persons of Interest" are readily obtainable through party discovery with Movement Mortgage.

**REQUEST FOR PRODUCTION NO. 7:**

All documents reflecting the transfer of business from loanDepot to Movement by a Person of Interest, transmitted through your personal cell phone or email addresses or in your personal possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Kontostergios objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it seeks any and all documents concerning the vague topic of "transfer of business" related to 49 different individuals for an indefinite time period. Further, this request is not proportional to the needs of this case as it seeks communications from Mr. Kontostergios's personal cell phone and e-mail addresses, in relation to the events pleaded in the Complaint where Mr. Kontostergios was operating in his capacity as Profit Market Leader of Movement Mortgage. Thus, any relevant documents or communications about recruitment of the Persons of Interest concerning Mr. Kontostergios are readily obtainable through party discovery with Movement Mortgage. Finally, this Request is also duplicative of Request Nos. 1-4.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and communications regarding recruiting trips and Persons of Interest, transmitted through your personal cell phone or email addresses or in your personal possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Kontostergios objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it seeks any and all documents concerning the vague topic of "transfer of business" related to 49 different individuals for an indefinite time period. Further, this request is not proportional to the needs of this case as it

seeks communications from Mr. Kontostergios's personal cell phone and e-mail addresses, in relation to the events pleaded in the Complaint where Mr. Kontostergios was operating in his capacity as Profit Market Leader of Movement Mortgage. Thus, any relevant documents or communications about recruitment of the Persons of Interest concerning Mr. Kontostergios are readily obtainable through party discovery with Movement Mortgage. Finally, this Request is also duplicative of Request Nos. 1-4.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and communications related to your or Movement's efforts and actions related to recruiting any Persons of Interest to work at Movement, transmitted through your personal cell phone or email addresses or in your personal possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Kontostergios objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it seeks any and all documents concerning the vague topic of "recruiting" of 49 different individuals for an indefinite time period. Further, this request is not proportional to the needs of this case as it seeks communications from Mr. Kontostergios's personal cell phone and e-mail addresses, in relation to the events pleaded in the Complaint where Mr. Kontostergios was operating in his capacity as Profit Market Leader of Movement Mortgage. Thus, any relevant documents or communications about recruitment of the Persons of Interest concerning Mr. Kontostergios are readily obtainable through party discovery with Movement Mortgage. Finally, this Request is also duplicative of Request Nos. 1-5.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and communications concerning the Persons of Interest's recruitment to, potential employment with, and negotiations regarding the same for the time period of July 1, 2021 through the date of this subpoena, including but not limited to emails, text messages, social-media

communications, or any other correspondence regarding production, sales volume, client/customer relationships, geographic territory, and the inclusion or recruitment of additional loan officers, transmitted through your personal cell phone or email addresses or in your personal possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Kontostergios objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it seeks any and all documents concerning the vague topics of "recruitment to, potential employment with, and negotiations regarding the same" of 49 different individuals for nearly a three-year period. Further, this request is not proportional to the needs of this case as it seeks communications from Mr. Kontostergios's personal cell phone and e-mail addresses, in relation to the events pleaded in the Complaint where Mr. Kontostergios was operating in his capacity as Profit Market Leader of Movement Mortgage. Thus, any relevant documents or communications about recruitment of the Persons of Interest concerning Mr. Kontostergios are readily obtainable through party discovery with Movement Mortgage. Finally, this Request is also duplicative of Request Nos. 1-5, and 9.

Dated:   April 3, 2024
         Washington, D.C.

                                        Respectfully submitted,

                                        By: _/s/ Corinne Bahner_____
                                        MITCHELL SANDLER PLLC
                                        Ari Karen, Esq.
                                        Corinne Bahner, Esq.
                                        1120 20th Street NW, Suite 725
                                        Washington, DC 20036
                                        Telephone: (202) 886-5260
                                        Email: akaren@mitchellsandler.com
                                        cbahner@mitchellsandler.com

                                        *Attorneys for Non-Party*
                                        Spiro Kontostergios

## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF DELAWARE

| | |
|---|---|
| LOANDEPOT.COM, LLC, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Civil Action No. 1:23-cv-00681-MN |
| | ) |
| MOVEMENT MORTGAGE, LLC, | ) |
| | ) |
| *Defendant.* | ) |
| | ) |

### RESPONSE TO LOANDEPOT'S SUBPOENA TO BOB SARITSOGLOU

Bob Saritsoglou ("Saritsoglou"), a non-party to this action, hereby responds and objects to Plaintiff's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises as set forth below. The following responses are made solely for the purposes of this action. Each response is subject to all objections as to relevance, materiality, and admissibility, and to any and all objections on any ground that would require exclusion of any response if it were introduced in court. Further, no response or objections stated herein shall be deemed to waive or divulge any privilege on behalf of Movement Mortgage. Saritsoglou expressly reserves the right to modify, revise, supplement, or amend these responses as deemed appropriate.

### REQUEST FOR PRODUCTION NO. 1:

All text messages with or about individuals designated "Persons of Interest" sent or received via your personal cell phone for the time period of July 1, 2021 through the date of this subpoena.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Saritsoglou objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it seeks "all text messages" with 49 different individuals for nearly a three-year period, regardless of the relevance to this lawsuit. The significant burden and cost that Saritsoglou will incur to collect and produce

these documents to loanDepot is not proportional to the needs of this case, especially considering the three-year time period and the unlimited number of topics on which this request seeks documents.

**REQUEST FOR PRODUCTION NO. 2:**

All email communications with or about individuals designated Persons of Interest sent or received via your personal email addresses for the time period of July 1, 2021 through the date of this subpoena.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Saritsoglou objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it seeks "all email communications" concerning 49 different individuals for nearly a three-year period, regardless of the relevance to this lawsuit. The significant burden and cost that Saritsoglou will incur to collect and produce these documents to loanDepot is not proportional to the needs of this case, especially considering the three-year time period and the unlimited number of topics on which this request seeks documents.

**REQUEST FOR PRODUCTION NO. 3:**

All social-media communications with or about individuals designated Persons of Interest transmitted via your personal social-media accounts for the time period of July 1, 2021 through the date of this subpoena.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Saritsoglou objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it seeks "all social-media communications" concerning 49 different individuals for nearly a three-year period, on any social media platform, regardless of the relevance to this lawsuit. The significant burden and cost that Saritsoglou will incur to collect and produce these documents to loanDepot is not proportional to the needs of this case, especially considering the three-year time period and the unlimited number of topics on which this request seeks documents.

**REQUEST FOR PRODUCTION NO. 4:**

Any other correspondence transmitted via your personal cell phone or email addresses, with or about individuals designated "Persons of Interest" for the time period of July 1, 2021 through the date of this subpoena.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Saritsoglou objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it essentially seeks any and all correspondence with 49 different individuals for nearly a three-year period, regardless of the relevance to this lawsuit. The significant burden and cost that Saritsoglou will incur to collect and produce these documents to loanDepot is not proportional to the needs of this case, especially considering the three-year time period and the unlimited number of topics on which this request seeks documents.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and communications concerning Movement's recruitment of the Persons of Interest, for the time period of July 1, 2021 through the date of this subpoena, including but not limited to emails, text messages, or any other correspondence, transmitted through your personal cell phone or email addresses or in your personal possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Saritsoglou objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it seeks any and all documents concerning the vague topic of "recruitment" of 49 different individuals for nearly a three-year period. The significant burden and cost that Saritsoglou will incur to collect and produce these documents to loanDepot is not proportional to the needs of this case, especially considering the three-year time period and the unlimited number of topics on which this request seeks documents. Additionally, this Request is also duplicative of Request Nos. 1-4.

**REQUEST FOR PRODUCTION NO. 6:**

All documents belonging to loanDepot, originating from loanDepot, or any other confidential records from loanDepot you received directly or indirectly from the Persons of Interest, through your personal cell phone, email addresses, or otherwise, or in your personal possession, custody or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Saritsoglou objects to this topic as overly broad and unduly burdensome in that it seeks documents "belonging to loanDepot, originating from loanDepot, or other confidential records from loanDepot" that are received directly or indirectly from the Persons of Interest, which Saritsoglou has no way of verifying and/or knowing. The Request also contains no time limitation and seeks potentially responsive documents for an indefinite period of time. To the extent that any responsive documents exist, Saritsoglou cannot properly ascertain or determine whether a document originated from loanDepot.

**REQUEST FOR PRODUCTION NO. 7:**

All documents reflecting the transfer of business from loanDepot to Movement by a Person of Interest, transmitted through your personal cell phone or email addresses or in your personal possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Saritsoglou objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it seeks any and all documents concerning the vague topic of "transfer of business" related to 49 different individuals for an indefinite time period. This Request is also duplicative of Request Nos. 1-4.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and communications regarding recruiting trips and Persons of Interest, transmitted through your personal cell phone or email addresses or in your personal possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Saritsoglou objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it seeks any and all documents concerning the vague topic of "transfer of business" related to 49 different individuals for an indefinite time period. This Request is also duplicative of Request Nos. 1-4.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and communications related to your or Movement's efforts and actions related to recruiting any Persons of Interest to work at Movement, transmitted through your personal cell phone or email addresses or in your personal possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Saritsoglou objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it seeks any and all documents concerning the vague topic of "recruiting" of 49 different individuals for an indefinite time period. This Request is also duplicative of Request Nos. 1-5.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and communications concerning the Persons of Interest's recruitment to, potential employment with, and negotiations regarding the same for the time period of July 1, 2021 through the date of this subpoena, including but not limited to emails, text messages, social-media communications, or any other correspondence regarding production, sales volume, client/customer relationships, geographic territory, and the inclusion or recruitment of additional loan officers, transmitted through your personal cell phone or email addresses or in your personal possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Saritsoglou objects to this topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or testimony in that it seeks any and all documents concerning the vague topics of "recruitment to, potential employment with, and negotiations regarding the same" of 49 different individuals for nearly a three-year period. This

Request is also duplicative of Request Nos. 1-5, and 9.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and communications related to the "discovery trip" you made to Movement Mortgage's headquarters, with Anthony Rizzello, in the fall of 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Saritsoglou will produce all responsive documents and communications within his possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 12:**

Copies of all communications, including but not limited to, text messages, between you and Anthony Rizzello, between August 1, 2021 and November 2, 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Saritsoglou objects to the Request on the grounds that the Request is overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of relevant evidence. This Request seeks every single communication that was sent between Bob Saritsoglou and Anthony Rizzello during a three-month time period. This encompasses an extremely broad range of subject matters that do not even relate to this matter. Such subjects include documents that may contain confidential, sensitive customer information with personal identifying information. Saritsoglou rests on his objection to produce documents pursuant to this Request.

**REQUEST FOR PRODUCTION NO. 13:**

Copies of all communications, including but not limited to, text messages, between you and John DePaul, between August 1, 2021 and November 2, 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Saritsoglou objects to the Request on the grounds that the Request is overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of relevant evidence. This Request seeks every single communication that was sent between Bob Saritsoglou and John

DePaul during a three-month time period. This encompasses an extremely broad range of subject matters that do not even relate to this matter. Such subjects include documents that may contain confidential, sensitive customer information with personal identifying information. Saritsoglou rests on his objection to produce documents pursuant to this Request.

**REQUEST FOR PRODUCTION NO. 14:**

Copies of all communications, including but not limited to, text messages, between you and Joseph Kunzig, between August 1, 2021 and November 2, 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Saritsoglou objects to the Request on the grounds that the Request is overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of relevant evidence. This Request seeks every single document that was sent between Bob Saritsoglou and Joseph Kunzig during a three-month time period. This encompasses an extremely broad range of subject matters that do not even relate to this matter. Such subjects include documents that may contain confidential, sensitive customer information with personal identifying information. Saritsoglou rests on his objection to produce documents pursuant to this Request.

**REQUEST FOR PRODUCTION NO. 15:**

Copies of all communications, including but not limited to, text messages between you and Christine Anderson, between August 1, 2021 and November 2, 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Saritsoglou objects to the Request on the grounds that the Request is overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of relevant evidence. This Request seeks every single document that was sent between Bob Saritsoglou and Christine Anderson during a three-month time period. This encompasses an extremely broad range of subject matters that do not even relate to this matter. Such subjects include documents that may contain

confidential, sensitive customer information with personal identifying information. Saritsoglou rests on his objection to produce documents pursuant to this Request.

**REQUEST FOR PRODUCTION NO. 16:**

Copies of all communications, including but not limited to, text messages between you and Spiro Kontostergios, between August 1, 2021 and November 2, 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Saritsoglou objects to the Request on the grounds that the Request is overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of relevant evidence. This Request seeks every single document that was sent between Bob Saritsoglou and Spiro Kontostergios during a three-month time period. This encompasses an extremely broad range of subject matters that do not even relate to this matter. Such subjects include documents that may contain confidential, sensitive customer information with personal identifying information. Saritsoglou rests on his objection to produce documents pursuant to this Request.

**REQUEST FOR PRODUCTION NO. 17:**

Your geolocation data between September 1, 2021 and November 2, 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Saritsoglou objects to the Request on the grounds that the Request is overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of relevant evidence. Further, this request is not sufficiently narrowly tailored to outweigh Mr. Saritsoglou's significant privacy interests in his geolocation data for a three-month time-period. This request is also not sufficiently narrowly tailored to be proportional to the needs of this case; gathering this information from more than three years ago is burdensome and costly and will contain a substantial amount of data that is not relevant to the claims or defenses at issue in this case.

Dated:    April 29, 2024
          Washington, D.C.

8

Respectfully submitted,

By: _/s/ Corinne Bahner_

MITCHELL SANDLER PLLC
Ari Karen, Esq.
Corinne Bahner, Esq.
1120 20th Street NW, Suite 725
Washington, DC 20036
Telephone: (202) 886-5260
Email: akaren@mitchellsandler.com
cbahner@mitchellsandler.com

*Attorneys for Non-Party*
Bob Saritsoglou

9