

1201 North Market Street
20th Floor
Wilmington, DE 19801
www.connollygallagher.com

Lauren DeLuca

**DIRECT DIAL**: (302) 757-7312
**DIRECT FAX**:  (302) 757-7298
**EMAIL**:        ldeluca@connollygallagher.com

June 4, 2024

**VIA ECF & HAND DELIVERY**

Hon. Christopher J. Burke
U.S. District Court for the District of Delaware
844 N. King Street
Unit 28, Room 2325
Wilmington, DE 19801-3555

    Re:    *loanDepot.com, LLC v. Movement Mortgage, LLC,*
                C.A. No. 23-0681-MN

Dear Judge Burke:

In accordance with the Court's May 21, 2024 Oral Order (D.I. 67), Movement Mortgage, LLC ("Movement") submits this letter brief in response to Plaintiff's, loanDepot.com, LLC ("loanDepot") May 28, 2024 letter brief (D.I. 69) in support of its discovery motion brought pursuant to the last two bullet points set forth in the Parties' May 14, 2024 letter.

**A.**    **Motion to compel responses to third-party document subpoenas.**

This piece of loanDepot's motion is just the latest chapter in its unrelenting campaign of harassment against Movement and its executives. This is the fishing expedition to end all fishing expeditions.

To set the stage, Movement has now produced thousands of pages of discovery in three underlying arbitrations generally related to the same conduct as this case. LoanDepot has taken at least eight depositions. Now, loanDepot wants an expansive audit of the private cell phones of six executives. LoanDepot wants to examine personal emails, text messages, social media private messages, and even "geolocation" data. The problem is that for most of the executives loanDepot subpoenaed, it has zero evidence that any of them ever used their personal devices to communicate with the 47 so-called "Persons of Interest." Simply put, loanDepot seeks an unwarranted, disproportionate invasion of the private lives of non-party Movement executives in the hopes that their personal cell phones contain something. *See Sokol Holdings, Inc. v. Dorsey & Whitney, LLP*, 2009 WL 2501542, at *9 (Del. Ch. Aug. 5, 2009) ("[E]ven where discovery is relevant, this court may narrow its scope to guard against 'fishing expeditions' or to ensure that the discovery sought



is properly related to the issues presented in the litigation.") (internal citation and quotation marks omitted); *Goolsby v. Cnty. of San Diego*, 2019 WL 3891128, at *4 (S.D. Cal. Aug. 19, 2019) (denying motion to compel records from employees' personal electronic devices, noting moving party could offer only speculation that employees used their personal devices for business purposes); *Int'l Longshore and Warehouse Union v. ICTSI Oregon, Inc.*, 2018 WL 6305665, at *3 (D. Or. Dec. 3, 2018) (denying motion to compel records from personal email accounts of individuals associated with union because movant failed to show that the individuals used personal email for work correspondence more than a de minimis amount).

For instance, after already taking substantial discovery in a variety of arbitrations, loanDepot cannot identify a single text message or personal email from Jason Stenger, Alison Dresnek, Hunter Skaggs or Patrick Turner sent or received about either the Persons of Interest or loanDepot's "confidential information." LoanDepot says evidence "suggests these . . . witnesses may have been involved in Movement's recruitment," but loanDepot declines to specify this supposed evidence. (D.I. 69-5 at 4). It certainly does not include any personal text messages, social media private messages, personal email, or geolocation data. Setting aside that none of these Movement employees are named as defendants here, permitting an expansive imaging, collection and searching of these personal cell phones is not only an unwarranted fishing expedition but an overreaching invasion of these individuals' privacy. The "standard for evaluating discovery is reasonableness, not perfection." *Agerbrink v. Model Serv. LLC*, 2017 WL 933095, at *5 (S.D.N.Y. Mar. 8, 2017). Because "a party is not entitled to every document that strikes the fancy of counsel," discovery should be limited where there is no evidence it will yield a significant amount of discoverable information such that the burden of the discovery is warranted. *LKQ Corp. v. Gen. Motors Co.*, 2021 WL 4127326, at *1 (N.D. 111. Sept. 9, 2021). Here, there is no information to suggest loanDepot's incursion into the private lives of Movement executives will yield anything.

That said, loanDepot identifies two individuals where text messages exist: (1) Michael Brennan ("Brennan") and (2) Spiro Kontostergios ("Kontostergios"). The text messages loanDepot has identified are between Brennan and Sean Johnson ("Johnson"). They were produced in the arbitration between it and Johnson (the "Johnson Arbitration"), and Movement has offered to produce them here. Movement will also produce any text messages between Kontostergios and Mr. Saritsoglou. However, there is no evidence to suggest that there is anything else on Brennan's or Kontostergios's personal cell phones to justify the broad discovery loanDepot seeks from them.

With the exception of the discovery Movement agrees to produce for Brennan and Kontostergios, loanDepot's motion to compel the subpoena responses should be denied.

**B.      Motion regarding use of Chris Shelton deposition transcript.**

LoanDepot seeks to use the deposition of Chris Shelton ("Shelton") that loanDepot took in the Johnson Arbitration. LoanDepot suggests that F.R.C.P. 32(a)(8) provides the authority to use that deposition here. However, that rule requires identity of parties and subject matter. F.R.C.P. 32(a)(8). Here, there is neither.

**The Parties are different**. LoanDepot took the Shelton deposition in the Johnson Arbitration. Movement was not a party—only Sean Johnson was. The only identical party here is loanDepot. Since the parties are not the same, Rule 32(a)(8) does not apply. See, e.g., *Kirksey v. Schindler Elevator Corp.*, 2016 WL 7116223, at *15 (S.D. Ala. Dec. 6, 2016) (concluding that Rule 32(a)(8) did not apply where the plaintiffs in the prior and subsequent actions differed, even though the actions shared a common defendant). The only difference between this case and *Kirskey*, is that here defendants differ, but the plaintiff is the same. LoanDepot argues that since the same firm represented Johnson in his arbitration and represents Movement here, it meets the requirements of Rule 32(a)(8). Not so. *Shultz v. Dart*, 2015 WL 4934552, at *3 (N.D. Ill. Aug. 18, 2015) ("The fact that the same lawyers are involved does not mean that the parties are the same.").

**The subject matter is different**. In the Johnson Arbitration, the claims considered whether Johnson breached his contract with loanDepot. The issues involved Johnson's actions only. This case is against Movement and is about 47 different people. A case that presents different claims and arises in an entirely different context does not satisfy the "same subject matter" requirement of Rule 32(a)(8), even if there is some overlap of factual issues. The court's decision in *Powertrain, Inc. v. Ma*, 88 F. Supp. 3d 679 (N.D. Miss. 2015), *aff'd*, 640 F. App'x 263 (5th Cir. 2016), is illustrative. There, the court ruled that deposition testimony from prior litigation involving different claims arising in a different context was not admissible in a subsequent case, even though the product at issue in both cases was the same. *Id*. at 690. As the court explained, the mere fact that the two cases involved the same product was "insufficient to establish that the [prior] case and [the subsequent] case 'involve[d] the same subject matter between the same parties.'" *Id.* (quoting Fed. R. Civ. P. 32(a)(8)); *see also*, *Essex Ins. Co. v. Zota*, 2009 WL 10668279, at *2 (S.D. Fla. Feb. 5, 2009) (precluding plaintiff from using deposition taken in prior case where although "the two lawsuits may have [had] related factual content, they [did] not involve substantially identical issues"); *In re Paramount Payphones, Inc.*, 256 B.R. 341, 345 (Bankr. M.D. Fla. 2000) (holding that depositions taken in prior case could not be used in later action where although the "facts and circumstances involved in the [earlier] case and [the later case] clearly overlap[ped]," the "common facts [did] not necessarily establish that the two actions involve[d] the same subject matter because the factual predicate that must be proven by the plaintiff to satisfy her burden of proof on each legal theory varie[d]").

Since the parties and subject matter are different, loanDepot's request to use the Shelton deposition from the Johnson Arbitration in this case should be denied.

Respectfully submitted,

*/s/ Lauren P. DeLuca*

Lauren P. DeLuca (#6024)

cc: All counsel of record (via ECF)