COLE SCHOTZ P.C.

500 Delaware Avenue, Suite 200
Wilmington, DE 19801
302-652-3131   302-652-3117 fax

New Jersey
New York
Maryland
Texas
Florida

Andrew L. Cole
Member
Admitted in DE, FL, MD and VA

Reply to Delaware Office
Writer's Direct Line: 302.651.2011
Writer's Direct Fax: 302-652-3117
Writer's E-Mail: acole@coleschotz.com

June 11, 2024

**Via CM/ECF Filing**

Honorable Christopher J. Burke
U.S. District Court for the District of Delaware
844 N. King Street
Unit 28, Room 2325
Wilmington, DE 19801

      Re:    loanDepot.com, LLC v. Movement Mortgage, LLC
                 C.A. No. 23-cv-00681-MN

Dear Judge Burke:

Pursuant to the Court's May 21, 2024 Oral Order (D.I. 67), Plaintiff loanDepot.com, LLC ("loanDepot") submits this reply letter as to the last two bullet points in the May 14, 2024 letter.

As to the third-party subpoenas, loanDepot *has* obtained text messages and personal emails for other current/former Movement executives, including Mike Brennan and Chris Shelton, and it therefore is reasonable to see if more exist. loanDepot has no interest in anyone's private information and can work with Movement to preserve those privacy concerns.

As to the Shelton deposition, Rule 32(a)(8) is not so narrow as Movement claims. The rule allows the use of earlier depositions if they involve "the same subject matter between the same parties, ***or their representatives*** or successors in interest, to the same extent as if taken in the later action." (emphasis added). Movement's counsel herein is *the same counsel* that represented Mr. Johnson in the arbitration for which the Shelton deposition was taken, paid for *by Movement*. "'[T]hese requirements have been construed liberally in light of the twin goals of fairness and efficiency,' [but] Rule 32(a)(8) nevertheless requires 'a substantial identity of issues' and 'the presence of an adversary with the same motive to cross-examine the deponent.'" *Knickerbocker v. Corinthian Colls., Inc.*, 2013 U.S. Dist. LEXIS 203500, at *4 (W.D. Wash. July 10, 2013) (quoting *Hub v. Sun Valley Co.*, 682 F.2d 776, 778 (9th Cir. 1982)). Here, Movement/Mr. Johnson's counsel certainly had the same motive to cross-examine Mr. Shelton.[1]

---

[1] Movement's reliance on *Shultz v. Dart* is disingenuous. 2015 U.S. Dist. LEXIS 108520, at *8-9 (N.D. Ill. Aug. 18, 2015). In that case, neither party argued for the use of a prior deposition



As for the subject matter element, this matter and the Johnson arbitration involve the same set of facts and circumstances. The cases Movement cites to argue otherwise are not on point. For example, in *Kirksey v. Schindler Elevator Corp.*, the court declined to allow the use of a prior deposition transcript because the only similar party was the defendant and, while both actions related to escalator accidents, the facts were otherwise dissimilar. 2016 U.S. Dist. LEXIS 168260, at *42 (S.D. Ala. Dec. 6, 2016). Similarly, cases involving the same product are not enough when the cases otherwise involve different claims *arising in a different context*. ECF No. 75 at 3 (emphasis added). Here, there are no such differences. The Johnson arbitration pertained to Mr. Johnson's lift-out of 26 colleagues to Movement. Mr. Shelton was deposed because he was tasked by Movement's President Mr. Brennan with finalizing the transaction and lift-out. loanDepot has alleged, in part, that Mr. Brennan orchestrated Mr. Johnson's lift-out of 26 colleagues to Movement. The underlying facts are identical.

Accordingly, loanDepot requests that the Court enter the Proposed Order attached to its May 28, 2024 letter.

Respectfully,

Andrew L. Cole (No. 5712)

ALC:mev

cc: All Counsel of Record (Via CM/ECF Filing)

---

transcript under Rule 32(a)(8). The plaintiff sought to use a prior transcript for not only that action but for other cases with different plaintiffs as well. *Id*. at *4.