**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| LOANDEPOT.COM, LLC, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No.: 1:23-cv-00681-MN |
| | : |
| MOVEMENT MORTGAGE, LLC, | : |
| | : |
| Defendant. | : |
| | : |

**REPLY LETTER BRIEF FROM DEFENDANT MOVEMENT MORTGAGE, LLC ON FIRST THREE BULLET POINTS FROM MAY 14, 2024 LETTER**

OF COUNSEL

Ari Karen
Lucas Markowitz
Jessica D. Feldman
Corinne Bahner
MITCHELL SANDLER LLC
1120 20th Street NW, Suite 725
Washington, D.C. 20036
Telephone: (202) 886-5260
akaren@mitchellsandler.com
lmarkowitz@mitchellsandler.com
jfeldman@mitchellsandler.com
cbahner@mitchellsandler.com

Dated: June 11, 2024

CONNOLLY GALLAGHER LLP

Lauren P. DeLuca (Del. Bar No. 6024)
1201 N. Market St., 20th Floor
Wilmington, DE 19801
Telephone: (302) 757-7300
ldeluca@connollygallagher.com

*Attorneys for Defendant*
*Movement Mortgage, LLC*

Dear Judge Burke:

      **A.**      **Motion to Compel Deposition of John Bianchi**

LoanDepot sued Movement accusing it of all manner of misconduct. Now, loanDepot would like to dictate how Movement defends itself. One of Movement's key defenses in this case is that many loan officers left loanDepot because of a scheme to maintain profitability at the expense of loan officer commissions—a scheme that violated federal law ("Scheme"). John Bianchi ("Bianchi") was its architect. LoanDepot opposes Bianchi's deposition on two grounds: (1) Movement is not entitled to corroborate its defense; and (2) Bianchi is shielded by the Apex Doctrine. LoanDepot is wrong. *First*, loanDepot seems to suggest that Movement is not entitled to corroborate its allegation that many loan officers left loanDepot to join Movement because of the Scheme. (D.I. 76 at 2). LoanDepot would like to limit Movement's evidence to the mere recitation of what loan officers believed, and then attack the legitimacy of this rationale for their departure. Of course, proof that their beliefs were legitimate and well-founded is highly relevant, particularly when their veracity is being challenged. Thus, corroborative evidence from the architect of the Scheme is relevant.

*Second*, the Apex Doctrine is inapplicable because Bianchi is the only one who can testify about the design and implementation of the Scheme. Bianchi is on multiple emails discussing the Scheme. (D.I. 71-5–71-8). For example, in an email to Chris Holloway, Kevin Luchko (loan officer) and Tom Fiddler, Bianchi demands that loans be transferred to an ILC before a pricing exception is approved. (D.I. 71-8 at 2). The only possible reason to make that demand is because loanDepot needs cover to reduce the loan officer's commission before agreeing to better pricing – a violation of federal law. And the only person who can testify about what this email means is its author – Bianchi. Federal courts can "prohibit the depositions of high-level executives in cases where the executive has no firsthand knowledge of the facts" *In re Tylenol (Acetaminophen) Mktg., Sales Practices & Prod. Liab. Litig.*, 2014 WL 3035791, at *2 (E.D. Pa. July 1, 2014) (cleaned up) (collecting cases). Bianchi is the author of no less than four emails about the Scheme, so he is the *only* one with firsthand knowledge of what he meant. Finally, loanDepot suggests that Movement can obtain the same evidence through "HR" or "legal." Movement deposed an HR representative in a related arbitration, and she could not answer Movement's questions. But to the extent loanDepot will waive privilege and produce a representative from legal, Movement will withdraw its request to depose Bianchi.

      **B.**      **Motion to Protect Mike Brennan and Jason Stenger from Depositions**

LoanDepot also seeks to depose two Movement executives on the flimsiest of bases. As for Stenger, all loanDepot can muster is that he "was responsible for ensuring loans within Movement can be processed," and made sure "he had the right staff deployed." (D.I. 76 at 4). This gives new meaning to the words "tenuous" and "fishing expedition" and cannot overcome Stenger's *Apex* shield. Brennan's relevance is also tenuous. Multiple people have already testified about their conversations with Brennan, so there is proof that any evidence from Brennan can be obtained through less intrusive means. Defendants' motion should therefore be granted and a protective order entered precluding the depositions of Brennan and Stenger.

| | |
|---|---|
| OF COUNSEL | CONNOLLY GALLAGHER LLP |
| | */s/ Lauren P. DeLuca* |
| Ari Karen | Lauren P. DeLuca (Del. Bar No. 6024) |
| Lucas Markowitz | 1201 N. Market St., 20th Floor |
| Jessica D. Feldman | Wilmington, DE 19801 |
| Corinne Bahner | Telephone: (302) 757-7300 |
| MITCHELL SANDLER LLC | ldeluca@connollygallagher.com |
| 1120 20th Street NW, Suite 725 | |
| Washington, D.C. 20036 | *Attorneys for Defendant* |
| Telephone: (202) 886-5260 | *Movement Mortgage, LLC* |
| akaren@mitchellsandler.com | |
| lmarkowitz@mitchellsandler.com | |
| jfeldman@mitchellsandler.com | |
| cbahner@mitchellsandler.com | |

Dated:  June 11, 2024